No. 92-616

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

CITY OF BILLINGS,

     Plaintiff and Respondent,

v.

JOHN McCARVEL,

     Defendant and Appellant.



APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Charles F. Moses (argued), Moses Law Firm,
Billings, Montana

     For Respondent:

          Mary Jane McCalla (argued), City Attorney's Office,
City of Billings, Billings, Montana

Submitted: September 3, 1993

Decided: November 18, 1993

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The City of Billings filed its complaint in the City Court of the City of Billings in Yellowstone County on June 21, 1991, alleging that on that same date defendant John M. McCarvel operated his motor vehicle while under the influence of alcohol in violation of § 61-8-401(a), MCA (1989). Over defendant's objection, the charge against him was tried before a jury in City Court on July 10, 1992. The jury returned its verdict, finding defendant guilty as charged. Defendant appealed his conviction to the District Court for the Thirteenth Judicial District in Yellowstone County and moved that court to dismiss the charges against him as a matter of law. The motion was denied. Following denial of that motion, defendant moved to change his plea from not guilty to guilty, and with the City's consent pursuant to § 46-12-204(3), MCA, reserved his right to appeal from the District Court's denial of his motion to dismiss. This appeal is from that order. We affirm the order of the District Court.

The issues raised by defendant on appeal are as follows:

1. Did the District Court err when it refused to dismiss the charge against defendant based on the City Court's denial of his demand for a nonjury trial?

2. Did the District Court err when it refused to dismiss the charge against defendant based on the fact that he was charged with a violation of a state statute, rather than a city ordinance?

3. Did the District Court err when it held that the city attorney had authority to prosecute defendant in this case?

2

## DISCUSSION

The following facts were stipulated to by the parties in the District Court and provide the factual background for defendant's appeal:

A complaint was filed against John McCarvel on June 21, 1991, charging defendant with driving while under the influence of alcohol, in violation of § 61-8-401(a), MCA (1989). The City of Billings demanded that the issues raised by its complaint be tried by a jury. Defendant, however, waived his right to trial by jury and moved to strike the city attorney's jury demand.

The City Court rejected defendant's demand for a nonjury trial and set this case for trial with a jury on July 10, 1992. Prior to trial, defendant moved to dismiss the case on the basis that the City had no authority to charge him with a violation of State law and that the city attorney had no authority to prosecute him.

A jury trial was held on July 10, 1992, at which time the city attorney represented the City of Billings, and defendant was represented by his own counsel. The jury returned a verdict, finding that defendant was guilty as charged with driving under the influence of alcohol. The City Court Judge pronounced sentence, and defendant filed a timely notice of appeal to the District Court.

There is no stipulation between the parties regarding what occurred in the District Court, and there is very little record. However, it appears from the District Court record that the following events transpired in the District Court:

3

After filing his notice of appeal, defendant moved the District Court to dismiss the charge against him on the basis that he had been denied equal protection and due process when he was denied his right to waive a jury trial in the City Court. As additional bases for his motion, he asserted that the City had no authority to prosecute him under state law, and that the city attorney had no authority to prosecute the charges against him.

In response to defendant's motion, the City pointed out that defendant's appeal to the District Court entitled him to a trial de novo and that it had no objection to defendant's waiver of trial by jury in the District Court. It contended that, therefore, the City Court's failure to grant defendant's waiver of a jury trial was irrelevant. The City objected to the other bases for defendant's motion based on their merits.

On November 4, 1992, the District Court denied defendant's motion to dismiss. Eight days later, defendant filed his waiver of trial by jury. No jury demand was filed by the City, and there is no further order from the District Court denying defendant's request to waive trial by jury.

Instead, the District Court's minute entry dated November 25, 1992, indicates that defendant moved for permission to withdraw his plea of not guilty and enter a plea of guilty to the charge of driving under the influence of alcohol. That motion was granted and defendant's guilty plea was accepted.

On December 11, 1992, an amended judgment was entered which reflects that defendant's guilty plea was entered pursuant to

4

§ 46-12-204(3), MCA, with the consent of the city attorney, so that defendant reserved his right to appeal from the District Court's denial of his motion to dismiss the charge against him. It is clear from the transcript of the hearing at which the change of plea was accepted that defendant was not appealing from a District Court denial of his right to waive trial by jury. He intended to appeal from the District Court's refusal to dismiss the charge against him. The following dialogue is illustrative:

> MS. McCALLA: Yes, your honor. The City has no objection to the defendant reserving his right to take his pretrial motions up for appeal.

> THE COURT: The court will approve that plea under those conditions. The specified conditions namely would be the motion to dismiss filed by the defendant?

> MR. MOSES: Well, we're entering a plea of guilty.

> THE COURT: I understand. But you're reserving the right to have a post-judgment ruling upon the pre-judgment motion?

> MR. MOSES: Yes, that is entirely correct. The court is correct, and that's the position that we take.

> THE COURT: And so that the record is clear, as I understand the statute, the specified motion, the motion that is being specified is the motion to dismiss filed in this Court by you on behalf of the defendant?

> MR. MOSES: That is true, based upon the fact that we're pleading guilty.

I.

Did the District Court err when it refused to dismiss the charge against defendant based on the City Court's denial of his demand for a nonjury trial?

5

Prior to October 1, 1991, § 46-17-201(2), MCA, provided that in misdemeanor cases "[a] trial by jury may be waived by the consent of <u>both parties</u> expressed in open court and entered in the docket." (Emphasis added). Based upon an amendment to that statute in the 1991 session of the Legislature, the statute now provides, and provided at the time of defendant's trial in Billings City Court, as follows: "Upon consent of <u>the defendant</u>, a trial by jury may be waived." (Emphasis added).

Defendant contends that based on this change, he had a statutory right to a nonjury trial in City Court, and that the City Judge's refusal to grant a nonjury trial violated his constitutional rights to equal protection and to due process. The City, on the other hand, successfully argued that pursuant to Article II, Section 26, of the Montana Constitution, a jury trial could not be waived without its consent. The City Court agreed.

Without reaching the due process and equal protection issues, we agree that pursuant to § 46-17-201(2), MCA (as amended in 1991), defendant had a statutory right to waive trial by jury in the City Court. *See State ex rel. Nelson v. Ninth Judicial District Court*, Supreme Court Cause No. 92-512, decided November 18, 1993.

However, we do not agree that the District Court erred by failing to dismiss the charges against defendant after he appealed to the District Court from the City Court.

Pursuant to § 25-33-301, MCA, defendant was entitled to a trial de novo in the District Court. That section provides:

6

(1) All appeals from justices' or city courts must be tried anew in the district court on the papers filed in the justice's or city court unless the court, for good cause shown and on such terms as may be just, allow other or amended pleadings to be filed in such action. The court may order new or amended pleadings to be filed. Each party has the benefit of all legal objections made in the justice's or city court.

(2) When the action is tried anew on appeal, the trial must be conducted in all respects as other trials in the district court. The provisions of this code as to trials in the district courts are applicable to trials on appeal in the district court.

Pursuant to the right provided in § 46-17-201, MCA, defendant waived his right to jury trial in the District Court. The City lodged no objection to that waiver, and made no demand of its own for trial by jury. There is no indication in the record that the District Court overruled defendant's waiver of his right to trial by jury. The only indication is that the District Court refused to dismiss the charges altogether based on the fact that defendant's waiver had not been honored in the City Court. We have previously held that:

> The district court does not, on appeal from a justices court, sit as a court of review, but tries the cause *de novo* (Code Civ. Proc., sec. 1761; Pen. Code, sec. 2717, *Missoula El. Light Co. v. Morgan*, 13 Mont. 394, 34 Pac. 488.) After the cause reaches that court, the trial and other proceedings are the same as in causes originating there, its jurisdiction depending upon the fact of jurisdiction by the justice's court of the subject matter and of the parties. That the justice had jurisdiction of the offense charged here is clear. (Code Civ. Proc., sec. 68); that it had jurisdiction of the defendant is also clear, because the record discloses his plea of not guilty and his presence at trial and judgment. The defendant, having by his appeal asked for a trial *de novo*, cannot be heard to insist that the district court should confine its action thereon to a review of errors and irregularities in the proceedings of the justice [court,]

and determine the case accordingly. By taking the appeal, the irregularities attending the rendition of judgment were waived. The motion was properly denied.

*State v. O'Brien* (1907), 35 Mont. 482, 491, 90 P. 514, 516-17.

Likewise, in this case, the District Court was not a court of review, it was an opportunity for defendant to have a trial de novo without a jury and thereby cure whatever prejudice resulted from the City Court's refusal to apply the right to waiver provided for in § 46-17-201, MCA. We hold that the District Court did not err by refusing to dismiss the charge against defendant based on errors or irregularities that occurred in the City Court.

## II.

Did the District Court err when it refused to dismiss the charge against defendant based on the fact that he was charged with a violation of a state statute, rather than a city ordinance?

For his second issue on appeal, defendant contends that when the City of Billings enacted § 61-8-401, MCA, which prohibits operating a motor vehicle under the influence of alcohol, it failed to adopt the penalty provisions found at § 61-8-714, MCA, and therefore, was without authority to prosecute defendant.

The City responds that Article 24.101 of the Billings, Montana, City Code, provides that:

It is unlawful and punishable as provided in sections 61-8-714 and 61-8-723 for any person who is under the influence of:

(a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public . . . .

8

Therefore, the City points out that its ordinance adopting § 61-8-401, MCA, does in fact provide a penalty provision. However, more importantly, the City responds that defendant was not charged under its city ordinance, but instead under the state statute found at § 61-8-401(a), MCA. It points out that pursuant to § 3-11-302(2), MCA, it was authorized to bring a criminal action in its name for a violation of state statutory law that occurs within the Billings city limits. Furthermore, the City points out that § 3-11-102, MCA, provides that the City Court has concurrent jurisdiction with the Justice Court to decide misdemeanor violations arising under State law when they occur within the City. We agree.

We conclude that pursuant to the above statutes, the City did have authority to prosecute defendant and that the District Court did not err when it refused to dismiss the charge against defendant based on lack of statutory authority for the charge.

### III.

Did the District Court err when it held that the city attorney had authority to prosecute defendant in this case?

The final basis for defendant's motion to dismiss the charge against him and for this appeal is his argument that since the charge against him was based on state law, the city attorney had no authority to prosecute it. However, as noted above, the City Court had concurrent jurisdiction to try the charges against defendant, and the City had authority to bring the charges when the alleged incident occurred within its city limits.

9

Section 7-4-4604, MCA, provides that "[i]t shall be the duty of the city attorney to attend before the city court and other courts of the city and the district court and prosecute on behalf of the city." Therefore, we hold that the city attorney did have authority to prosecute defendant based upon the allegation that he operated a motor vehicle while under the influence of alcohol within the city limits of the City of Billings. We hold that the District Court did not err when it refused to dismiss the charge against defendant based on lack of authority by the city attorney to prosecute him.

For these reasons, we affirm the District Court's order denying defendant's motion to dismiss the charge against him, and affirm the judgment entered in the District Court pursuant to defendant's guilty plea.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

10

_____

        Justices

District Judge Jeffrey H. Langton,
sitting for Justice James C. Nelson

11

November 18, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Charles F. Moses
MOSES LAW FIRM
P.O. Box 2533
Billings, MT 59103-2533

MARY JANE McCALLA
Prosecutor
City of Billings
P.O. Box 1178
Billings, MT 59103

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy