No. 94-400

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA, TOWN OF DARBY,

  Plaintiffs and Respondents,

 -vs-

STEVEN J. HENRY,

  Defendant and Appellant.

FILED

JUN 20 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.


COUNSEL OF RECORD:

  For Appellant:

   Steven J. Henry, Darby, Montana, Pro Se

  For Respondent:

   Hon. Joseph P. Mazurek, Attorney General, John
Paulson, Ass't Attorney General, Helena, Montana

   Charles H. Recht, Attorney at Law, Hamilton, Montana


     Submitted on Briefs: March 23, 1995

        Decided: June 20, 1995

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Steven J. Henry (Henry) appeals from a jury verdict in the Twenty-First Judicial District Court, Ravalli County, finding him guilty of driving or being in actual physical control of a vehicle while under the influence of alcohol or drugs pursuant to § 61-8-401, MCA, and from that portion of the District Court's judgment requiring him to pay legal fees incurred by the Town of Darby. We affirm in part, reverse in part, and remand.

On August 25, 1993, Darby police officer Larry Rose (Rose) received two calls from the Ravalli County Sheriff's Department reporting that Henry had been observed driving on U.S. Highway 93 south of Darby and that he might be intoxicated. Rose patrolled the general area and, while parked on the side of Highway 93, observed Henry's car being driven in an erratic manner. Rose pursued Henry and turned on his emergency flashers just as Henry pulled into a convenience store parking lot. Upon approaching Henry's car, Rose smelled alcohol and observed that Henry appeared intoxicated. Rose requested that Henry perform field sobriety maneuvers; Henry refused to perform two of the maneuvers and could not perform the third. Rose arrested Henry for driving under the influence and transported him to the Ravalli County Jail.

A jury trial was held in Darby City Court on February 16, 1994; the jury found Henry guilty of operating a motor vehicle under the influence of alcohol. The court sentenced Henry to sixty days in jail with thirty days suspended, assessed fines and costs

2

totalling $1,773.32, and required Henry to complete Ravalli County's alcohol information and treatment program. Henry appealed to the District Court for a trial de novo.

A jury trial held in the District Court on June 30, and July 1, 1994, resulted in another guilty verdict. Following a sentencing hearing, the District court entered a judgment sentencing Henry to sixty days in the Ravalli County jail with thirty days suspended on certain conditions. Among other things, the conditions required Henry to complete the alcohol program and to pay various fees and penalties, including legal fees incurred by Darby in the prosecution of Henry's case in both the Darby City Court and the District Court. The legal fees total $10,550. Henry appeals. Additional facts are included as necessary in our discussion of the issues.

1. Was Henry denied his right to counsel in the Darby City Court proceedings?

Henry asserts that the Darby City Court erred in determining that William Roche (Roche), a friend of Henry's family, could not represent Henry in criminal proceedings. He argues that §§ 25-31-601 and 37-61-210, MCA, required the court to permit Roche to act as counsel and that its failure to do so violated his right to counsel. We decline to address the merits of Henry's argument because the trial de novo on appeal to the District Court, during which Henry was represented by counsel, cured any prejudice which may have resulted from the City Court's decision regarding representation by Roche. See City of Billings v. McCarvel (1993), 262 Mont. 96, 101, 863 P.2d 441, 445.

3

2. Was Henry denied the effective assistance of counsel in the District Court proceedings?

Henry advances various allegations of improper representation by his defense counsel during trial in the District Court. He argues that defense counsel, who allegedly is "fraternally and religiously linked" to the prosecutor, aided the prosecution by failing to: 1) present Henry's claim of erroneous denial of counsel by the City Court; 2) introduce certain evidence and call certain witnesses; 3) object to the presence of a particular person in the courtroom; and 4) present arguments that Rose exceeded his jurisdiction by arresting Henry in the convenience store parking lot, and that Henry was neither intoxicated nor driving or in physical control of an automobile at the time of the arrest. Henry's arguments, which we construe as a claim of ineffective assistance of counsel, are without merit.

This Court evaluates ineffective assistance of counsel claims under the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Bradley (1993), 262 Mont. 194, 197, 864 P.2d 707, 789. Under the first Strickland prong, "the defendant must prove that counsel's performance was deficient by establishing that it fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment." Bradley, 864 P.2d at 789. "The second prong requires the defendant to demonstrate that counsel's deficiency was so prejudicial that it denied the defendant a fair trial." Bradley, 864 P.2d at 789. Both Strickland prongs must be established before we will conclude that a defendant received

4

ineffective assistance of counsel.  State v. Hildreth (1994), 267 Mont. 423, 431-32, 884 P.2d 771, 776.

First, we address whether counsel's failure to raise Henry's claim of erroneous denial of counsel by the City Court on appeal to the District Court constituted deficient performance.  A district court does not sit as a court of review on appeal from city court proceedings. See City of Billings, 863 P.2d at 445. Thus, counsel had no legal basis on which to present this claim of error by the City Court to the District Court; absent a legal basis, counsel's failure to present such an argument cannot constitute deficient performance.  See Bradley, 864 P.2d at 790.

Nor are we persuaded by Henry's argument regarding counsel's failure to use a videotape and photographs of city limits and to call certain witnesses.  Decisions relating to presentation of the case, including whether to introduce certain evidence or to present witnesses, generally are matters of trial tactics and strategy. See, e.g., State v. Johnstone (1990), 244 Mont. 450, 464-65, 798 P.2d 978, 987.  We will not find error supporting an ineffective assistance of counsel claim in counsel's tactical decisions. State v. Sheppard (Mont. 1995), 890 P.2d 754, 757, 52 St.Rep. 106, 108.

Henry also contends that counsel's performance was deficient because he failed to object to the presence, and alleged prejudicial effect, of a particular person in the courtroom.  Here, we need observe only that the record before us is devoid of any reference to the presence of the person about whom Henry complains; Henry's contention is supported only by affidavits which are not

5

part of the record on appeal. This Court's review of allegations on direct appeal is confined to the record. Section 46-20-701, MCA; Bradley, 864 P.2d at 791. Thus, we decline to address this portion of Henry's argument.

Henry's allegation that counsel failed to argue that Rose did not have jurisdiction to arrest him is not supported by the record. Indeed, the record is clear that counsel filed a pretrial motion to dismiss the charges against Henry or, in the alternative, to suppress evidence seized at the time of Henry's arrest on this basis.

The record is equally clear regarding Henry's remaining assertions of deficient performance. In closing argument, counsel reminded the jury that the prosecution bore the burden of proving that Henry had committed the offense charged including the "under the influence" element. Counsel further drew the jury's attention to the prosecution's failure to provide any direct evidence of Henry's alleged intoxication and its total reliance on opinions provided by police officers and laypersons who observed Henry. Regarding whether Henry was driving or in actual physical control of a vehicle at the time of the arrest, counsel pointed out the inconsistencies in the testimony relating to that issue.

We conclude that Henry has not established that his counsel's performance was deficient under the first Strickland prong; for that reason, we need not address Strickland's prejudice prong. On the basis of the record before us, therefore, we hold that Henry was not denied the effective assistance of counsel during the

District Court proceedings.

> 3. Did the District Court err in denying Henry's motion to dismiss or, in the alternative, to suppress evidence on the grounds that Rose was acting outside his lawful jurisdiction in arresting Henry?

Henry admits that his arrest occurred within the physical boundaries of Ole's convenience store parking lot, but contends that Ole's parking lot is located outside the town limits of Darby. Based on this contention, Henry argues that Rose had no jurisdiction to arrest him and, as a result, that the District Court erred in denying his motion to dismiss or, in the alternative, to suppress evidence.

Resolution of this issue turns on whether Ole's parking lot is within the Darby town limits. The record relating to the Darby town limits consists of a Darby town plat, a copy of Darby Town Resolution 176, and an affidavit from Darby's mayor, Richard Higgins (Higgins). Henry highlighted the parcels of property containing Ole's parking lot on the town plat; it cannot be ascertained from reviewing the plat, however, whether the highlighted parcels are within the Darby town limits.

Higgins' affidavit states that on September 14, 1992, the Darby Town Council enacted Resolution 176 which annexed the property on which Ole's is located into the town limits. Resolution 176 states that, by mutual consent of the owner of the property, J.G.L. Distributing, Inc., and the Darby Town Council, "[p]roperty belonging to J.G.L. Distributing [is] annexed into the incorporated limits of the Town of Darby." Resolution 176 then sets forth the legal description of the two parcels of land being

7

annexed. A comparison of those legal descriptions to the parcels highlighted on the town plat reflects that the plat parcels are those annexed in the town limits of Darby via Resolution 176.

Henry cites to no evidence of record supporting the argument that Rose was without jurisdiction when he arrested Henry. Instead, he advances a convoluted argument that the prosecutor tampered with evidence in order to establish that Ole's parking lot was within the town limits, relying on a series of photographs and a home videotape which were not admitted into evidence at trial. We will not consider evidence not contained in the record on appeal. Section 46-20-701, MCA; Bradley, 864 P.2d at 791.

We conclude that the record establishes that Ole's parking lot, the site of Henry's arrest, lies within the Darby town limits and Rose's jurisdiction. Therefore, we hold that the District Court did not err in denying Henry's motion to dismiss the charges or, in the alternative, to suppress evidence.

> 4. Did the District Court err in ordering Henry to pay $10,550 as the costs of legal fees incurred by the Town of Darby in prosecuting his case?

The District Court sentenced Henry to sixty days in the Ravalli County Jail with thirty days suspended on certain conditions. The conditions included payment by Henry of a $500 fine, a $15 surcharge, costs of incarceration totalling $960, jury costs in the amount of $979.50, and $10,550 to the Town of Darby for legal fees incurred in prosecuting Henry's case and any additional legal fees incurred in defending this appeal.

Henry argues that the costs and fines included in his sentence

8

exceeded the average $350 fine imposed in similar cases prosecuted in Ravalli County; on that basis, he contends that the court's sentence was illegal. It appears that Henry also challenges the legal basis for the District Court's assessment of the prosecution legal fees as a condition of his suspended sentence.

"Trial judges are granted broad discretion to determine the appropriate punishment." State v. Hembd (1992), 254 Mont. 407, 411, 838 P.2d 412, 415. We do not review a sentence for inequity or disparity, but determine whether the sentence is within the statutory guidelines. Hembd 838 P.2d at 415 (citations omitted). This Court will not disturb a district court's sentencing decision absent a showing that the court abused its discretion. State v. Blanchard (Mont. 1995), 889 P.2d 1180, 1182, 52 St.Rep. 54, 56.

Section 46-18-201, MCA, is the sentencing statute at issue here. Under subsection (1)(b), a court may suspend execution of a sentence for six months or for a period equal to the maximum sentence allowed, whichever is greater; during that period, the sentencing judge may impose any of the "reasonable restrictions or conditions" listed in subsection (1)(a). Section 46-18-201(1)(b), MCA.

The express statutory conditions contained in § 46-18-201(1)(a), MCA, and available for imposition as conditions of a suspended sentence under § 46-18-201(1)(b), MCA, include certain monetary obligations. For example, a defendant may be assessed restitution, costs of confinement, payment of **a** fine, and payment of certain costs. See § 46-18-201(1)(a)(iv), (v), (vi), and (vii),

9

MCA. With the exception of the prosecution legal fees, it is clear that the fines and costs imposed by the District Court are specifically authorized as reasonable conditions of a suspended sentence pursuant to § 46-18-201(1)(a) and (b), MCA. It is equally clear that § 46-18-201(1)(a), MCA, does not specifically authorize the imposition of prosecution legal fees as a "reasonable condition" and, indeed, that no other statute provides express authority for the imposition of such a condition.

Moreover, the legislature's inclusion of specific authority for a court's imposition of the costs of court-appointed defense counsel (see § 46-18-201(1)(a)(viii), MCA) reflects the legislature's awareness of the means by which to provide for corresponding authority relating to prosecution legal fees. As a general rule, the express mention of a certain power or authority within a statute implies the exclusion of non-expressed powers. See State ex rel. Jones v. Giles (1975), 168 Mont. 130, 133, 541 P.2d 355, 357. Because the legislature expressly authorized the imposition of the costs of court-appointed defense counsel as a "reasonable condition" and did not provide for corresponding authority regarding prosecution legal fees, we conclude that the legislature did not intend to authorize the imposition of prosecution legal fees as a condition of a suspended sentence.

In addition to the express conditions set forth in § 46-18-201(1)(a)(i) through (xi), MCA, however, the "catch-all" provision contained in subsection (1)(a)(xii) permits a sentencing court to impose "any other reasonable conditions considered necessary for

10

rehabilitation. . . ."  In imposing the condition regarding prosecution legal fees here, the District Court expressed the hope that, when Henry weighed the cost of his unlawful actions against the cost of engaging in those activities, he would "make some effort to conform [his] behavior to the law."  At the same time, the court stated that there was no reasonable prospect of rehabilitation in Henry's case.  Under these circumstances, it appears that the condition requiring Henry to reimburse Darby for its attorney fees more probably reflects the court's understandable frustration with Henry than a condition imposed for rehabilitation purposes pursuant to § 46-18-201(1)(a)(xii), MCA.  Moreover, absent express statutory authority, the imposition of prosecution legal fees engenders a sense of a primarily punitive, rather than rehabilitative, purpose.

District courts are vested with considerable discretionary power regarding sentences.  Hembd 838 P.2d at 415.  We conclude, however, that the imposition of prosecution legal fees is neither expressly nor implicitly authorized by § 46-18-201(1)(a), MCA. On that basis, we hold that the District Court abused its discretion in imposing the payment of prosecution legal fees as a condition of Henry's suspended sentence.

Affirmed in part, reversed in part, and remanded for resentencing.

_Karla M. Shaw_
Justice

11

We concur:

_____

_____
William E. Hunt

_____
Terry Trieweiler

_____
W. William Leaphart
                Justices

12