NO. 95-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

CITY OF HAMILTON,

      Plaintiff and Respondent,

  v.

WILLIAM W. ROCHE,

      Defendant and Appellant.

FILED

JUN 20 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Twenty-First Judicial
District, In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          William W. Roche, Pro Se,
Victor, Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
Kathy Seeley, Assistant Attorney General,
Helena, Montana

          T. Geoffrey Mahar, Assistant Hamilton City
Attorney, Hamilton, Montana

Submitted on Briefs: May 9, 1996

Decided: June 20, 1996

Filed:

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Defendant William W. Roche (Roche) appeals from the judgment entered by the Twenty-First Judicial District Court, Ravalli County, which adopted the jury verdict convicting him of four counts of driving without a driver's license and two counts of driving without liability insurance. We affirm.

The issues on appeal are as follows:

1. Did the officer have probable cause to cite Roche?

2. Did Roche properly move for substitution of the District Court Judge?

3. Did the District Court preclude testimony from Judge Martha Bethel and improperly exclude a juror?

4. Did the District Court err in sentencing Roche, including ordering him to pay jury costs?

#### FACTS

On July 14, 1994, while leading a parade in his patrol car, Hamilton police officer Joseph Birkeneder observed Roche in his vehicle stopped at a stop sign. Birkeneder had earlier been informed by another officer that Roche did not possess a driver's

**license.** Birkeneder continued with the parade but later confirmed the fact that Roche did not have a valid Montana driver's license.

Birkeneder went to Roche's home at approximately 11:00 a.m. on July 14 but no one was home. He returned to the home at around 2:30 p.m. the same day and spoke with Roche who acknowledged he did not have a Montana driver's license. Roche was also unable to produce proof of automobile liability insurance. Birkeneder then issued Roche citations for driving without a driver's license and driving without liability insurance.

On the morning of July 19, 1994, Birkeneder was responding to an unrelated criminal mischief complaint and observed Roche driving his car. After completing the criminal mischief call, Birkeneder verified the fact that Roche still had no driver's license. Birkeneder then discussed the matter with the Chief of Police who instructed him to issue citations for this incident. Later that day Roche appeared in City Court to respond to the July 14 citations and Birkeneder cited him for driving without a license and driving without liability insurance based on the incident earlier that day. Birkeneder warned Roche at that time not to drive. Roche left the building, got into his car, and drove away.

At around 11:30 a.m. on July 19 1994, Birkeneder was outside a restaurant eating his lunch when he saw Roche drive northbound on Highway 93. Birkeneder subsequently submitted a report to the City Attorney's office concerning the second and third time he had witnessed Roche driving on July 19--the second when leaving City Court, and the third during the lunch hour. The City Attorney

served Roche with a summons and complaint charging him with two additional counts of driving without a license as a result of those incidents.

On December 5, 1994, following a bench trial in Hamilton City Court, Roche was convicted of four counts of driving without a driver's license and two counts of driving without liability insurance. Roche appealed his convictions to the District Court. On September 14, 1995, a jury trial was conducted and Roche was convicted on all six counts. On October 12, 1995, the District Court entered its judgment and sentence and this appeal followed.

ISSUE 1

Did the officer have probable cause to cite Roche?

Roche argues that Birkeneder did not have probable cause to issue the citations. He claims that Birkeneder came to his home on July 14 and issued him two citations under orders from City Court Judge Martha Bethel. Roche further maintains that Birkeneder stalked him in an effort to "stack" citations against him. Roche does not allege that the two counts brought by the City Attorney lacked probable cause.

We have previously held that a showing of mere probability that the defendant committed the crime is sufficient to establish probable cause to file a criminal charge. State v. Thompson (1990), 243 Mont. 28, 30, 792 P.2d 1103, 1105. In the present case, Birkeneder was aware Roche did not have a driver's license and personally witnessed him driving a motor vehicle on each occasion for which a citation was issued. Furthermore, it cannot

4

be said that Birkeneder was stalking Roche while leading a parade, responding to an unrelated criminal mischief report, or while eating lunch outside a restaurant.

Birkeneder asked Roche to produce proof of liability insurance on July 14 and he could not do so. When Birkeneder observed Roche driving five days later and confirmed that he still had no driver's license, there was a good probability that Roche also had no liability insurance. We therefore conclude there was probable cause for Birkeneder to issue citations to Roche.

ISSUE 2

Did Roche properly move for substitution of the District Court Judge?

On February 6, 1995, Roche filed a document with the District Court entitled "Motion for Change of Venue/Motion for Change of Jurisdiction." The motion stated:

> The Defendant, William W. Roche presently has legal action ensuing against JUDGE JEFFREY LANGTON in the U.S. Ninth Circuit Court of Appeals in San Francisco, CA. USCA Docket # 95-35061
> Therefore, **an automatic** CONFLICT OF INTEREST does present itself in recusing Judge Jeffrey Langton from presiding over this case. The Defendant could not hope to receive a fair trial with Judge Langton presiding over the proceedings.
> In past cases, Judge Langton has brought in his friend, Judge John Warner from Havre, Mt. to sit in on cases dealing with the Defendant. This will also be challenged, as Judge Warner has played the political game with Langton, and four cases went unlawfully against the Defendant, William W. Roche. The Court has many judges to choose from in Montana.

The District Court denied the motion, holding that Roche had failed to follow the procedures provided for substitution or

5

disqualification of a judge and that he did not allege any facts which would necessitate recusal. The District Court stated:

> Simply having been on the opposite side of a completed case from Mr. Roche prior to assuming office is not evidence of personal bias or prejudice. Nor is the fact that Mr. Roche has unsuccessfully attempted to join the undersigned to litigation in federal court. Rogers v. Wilkins, 275 S.C. 28, 267 S.E.2d 86 (1980). Moreover, public criticism of a judge does not require that the judge disqualify himself in further cases involving the critic. Amidon v. State, 604 P.2d 575 (Alaska 1979).

Section 3-1-804, MCA, requires that a specific procedure must be followed in filing a motion to substitute a judge and that the motion must be made within thirty days after the judge is assigned to the case. Any motion for substitution which is not timely filed is void for all purposes. Section 3-1-804(e), MCA. Section 3-1-805, MCA, requires that an affidavit and certificate of counsel by the moving party must be filed to disqualify a district court judge for cause

In the present case, Roche's motion was not timely filed and it did not comply with the statutory procedures outlined in §§ 3-1-804 and -805, MCA. We therefore conclude that Roche did not properly move for substitution of the District Court Judge. Furthermore, we find nothing in the record which would have required Judge Langton to recuse himself from the case.

ISSUE 3

Did the District Court preclude testimony from Judge Martha Bethel and improperly exclude a juror?

The City of Hamilton filed a motion in limine seeking an order directing Roche not to elicit testimony from any witness, including

6

himself, that would relate to incidents, facts, or circumstances concerning the litigious history between Roche and City Court Judge Martha Bethel. The City sought the order to prevent Roche from attempting to prove that his traffic citations were issued in retaliation for his litigious relationship with Bethel.

The District Court refused to rule on the motion, stating as follows:

> The Court is unable to make any ruling on the City's motion in advance of trial due to the lack of any offer of proof by either party with respect to Judge Bethel's expected testimony.

The court further noted that if Bethel testified at trial, Roche would be entitled "to some latitude in cross-examination to attempt to impeach the witness by any accepted means, including evidence of bias, partiality, or interest in the outcome, to show the witness's motivation for testifying."

Roche argues that in ruling on the City's motion the District Court eliminated Bethel from the subpoena list and curtailed his ability to ask her questions. There is no factual basis for this allegation.

The record is clear that the District Court did not rule on the City's motion and specifically addressed the possibility of Bethel testifying. The court explained its ruling to Roche prior to trial and explained that even though Roche would not be allowed to examine Bethel about irrelevant matters, the court was not preventing Bethel from being called as a witness by the defense or from being examined by Roche.

7

The record indicates that Roche never called Bethel to testify at trial and we therefore conclude there is no basis for Roche's contention that the District Court eliminated Bethel from the subpoena list or prevented him from examining her at trial.

Roche further claims that the District Court excluded a juror "before the jury had even been drawn, on the word of the key witness Officer Joseph Birkendeder [sic]." However, there is nothing in the record or Roche's brief on appeal to support such a claim. We have previously held that where the defendant fails to cite authority to support his allegations of error, this Court is not called on to answer the contention. Rule 23(a)(4), M.R.App.P.; State v. Steffes (1994), 269 Mont. 214, 233, 887 P.2d 1196, 1208. Accordingly, we will not address this allegation of error.

ISSUE 4

Did the District Court err in sentencing Roche, including ordering him to pay jury costs?

Roche was convicted of four counts of driving a motor vehicle without a driver's license pursuant to § 61-5-102, MCA. Each of those offenses was a misdemeanor punishable by a fine of not more than $500 or by imprisonment for not more than six months or by both fine and imprisonment. Section 61-5-307, MCA.

Roche was also convicted of two counts of operating a motor vehicle without liability insurance pursuant to § 61-6-301, MCA. Conviction of a first offense is punishable by a fine of not less than $250 or more than $500 or by imprisonment for not more than ten days, or both. A second conviction is punishable by a fine of

8

$350 or by imprisonment for not more than ten days, or both. Section 61-6-304(1).

The District Court sentenced Roche as follows:

1. For the first count of driving without a license, 180 days in the Ravalli County jail with 177 of those days suspended for a period of one year, plus a fine of $100.

2. For the second count of driving without a license, 180 days in the Ravalli County jail with 174 of those days suspended for a period of one year, plus a fine of $200.

3. For the third count of driving without a license, 180 days in the Ravalli County jail with 171 of those days suspended for a period of one year, plus a fine of $400.

4. For the fourth count of driving without a license, 180 days in the Ravalli County jail with 168 of those days suspended for a period of one year, plus a fine of $500.

5. For the first count of driving without insurance, five days in the Ravalli County jail, plus a fine of $350.

6. For the second count of driving without insurance, ten days in the Ravalli County jail, plus **a** fine of $500.

The District Court ordered the separate sentences to run consecutive to one another for a total of 735 days jail with all but forty-five days of the sentence suspended. The District Court also ordered Roche to pay the costs of the jury trial in the sum of $476.43 as a condition of the suspended portion of his sentence.

Roche argues that the sentence imposed by the District Court was contrary to Montana law and that the court erred in ordering him to pay for his own jury.

We have stated that "[t]rial judges are granted broad discretion to determine the appropriate punishment." State v. Henry (1995), 271 Mont. 491, 498, 898 P.2d 1195, 1199 (quoting State v. Hembd (1992), 254 Mont. 407, 411, 838 P.2d 412, 415). We do not review a sentence for inequity or disparity, but determine whether the sentence is within the statutory guidelines. Henry, 898 P.2d at 1199. If sentencing is within the statutory guidelines, this Court will not disturb a district court's sentencing decision absent a showing that the court abused its discretion. Henry, 898 P.2d at 1199 (citing State v. Blanchard (1995), 270 Mont. 11, 15, 889 P.2d 1180, 1182).

In the present case, the length of the jail sentences imposed by the District Court was within the statutory guidelines. Furthermore, the court's imposition of consecutive sentences for the six counts is expressly authorized by § 46-18-401(4), MCA, which provides that "[s]eparate sentences for two or more offenses must run consecutively unless the court otherwise orders." Here, the District Court specifically ordered the sentences to run consecutively and such an order is consistent with the statutory mandate.

However, § 46-18-201(1)(b), MCA, allows a court to suspend execution of a sentence for six months or for a period equal to the maximum sentence allowed, whichever is greater. Thus, the District

10

Court erred as a matter of law in suspending for one year a portion of each sentence for driving without a driver's license. The maximum possible jail sentence for each of the charges is six months and therefore execution of each of the sentences for driving without a license may only be suspended for six months.

In addition, § 61-6-304, MCA, authorizes a maximum fine of $350 for the second offense of operating a motor vehicle without liability insurance. The District Court therefore erred as a matter of law in ordering Roche to pay a $500 fine for his second offense of driving without insurance.

This Court may review any sentence imposed in a criminal case if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing. State v. Nelson (Mont. 1995), 906 P.2d 663, 667, 52 St. Rep. 1069, 1072. While Roche failed to object at trial or on appeal to the specific errors noted above, § 46-20-703(4), MCA, allows this Court to reduce the punishment imposed by the trial court. It is apparent that the District Court intended that the maximum possible sentence and periods of suspension apply in this case, and therefore, in the interest of judicial economy we hereby reduce the fine for the second offense of driving without insurance to $350 and reduce the suspended portion of the sentences for driving without a license to six months.

Finally, we address Roche's contention that the District Court abused its discretion in ordering him to pay jury costs. In suspending execution of a sentence, § 46-18-201(1)(b), MCA, allows

11

the judge to impose any of the reasonable restrictions or conditions listed in subsection (1)(a). Section 46-18-201(1)(a)(vi), MCA, states that such reasonable restrictions or conditions may include "payment of costs as provided in 46-18-232 and 46-18-233." Payment of costs expressly includes "costs of jury service." Section 46-18-232(1), MCA. The court may not sentence a defendant to pay costs unless the defendant is or will be able to pay them. Section 46-18-232(2), MCA.

The District Court inquired of Roche regarding his financial resources and his ability to pay the fines and costs. The following exchange took place:

THE COURT: Is there anything else you wish to make known in regard to your ability to pay fines or costs?

MR. ROCHE: No, just that I would simply make every effort to pay the fines or the costs that are incurred on me. This is -- this is the way it is.

We conclude that the District Court did not abuse its discretion in ordering Roche to pay the costs of the jury trial as a condition of his suspended sentence

Affirmed with amendments to sentence contained herein.

_____
Justice

We concur:

_____
Chief Justice

12

_[signatures]_

Justices

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William W. Roche
P.O. Box 1023
Victor, MT 59875


Hon. Joseph P. Mazurek, Attorney General
, Assistant Attorney General
215 N. Sanders
Helena MT 59620


T. Geoffrey Mahar
Attorney at Law
P.O. Box 544
Hamilton, MT 59840

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *D. Gallagher*
Deputy