No. 00-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 43N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ANDREW CHARLES WOZNIAK,

Defendant and Appellant.

FILED

MAR 1 3 2001

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:     District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Ed. McLean, Judge presiding.

COUNSEL OF RECORD:

STATE LAW LIBRARY

MAR 1 3 2001

OF MONTANA

For Appellant:

Andrew C. Wozniak (pro se), Shelby, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin,
Assistant Attorney General, Helena, Montana

Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs: January 18, 2001

Decided: March 13, 2001

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Defendant, Andrew Charles Wozniak was charged by Information on May 22, 1997, with two counts of robbery, in violation of §45-5-401, one count of resisting arrest, a misdemeanor offense in violation of §45-7-301, MCA, and one count of carrying a concealed weapon, a misdemeanor offense in violation of §45-8-316. On October 20, 1997, Wozniak made a plea bargain pursuant to which he agreed to plead guilty to one count of robbery, resisting arrest and carrying a concealed weapon in exchange for dismissal of the other count of robbery. The District Court sentenced Wozniak to forty years in Montana State Prison for robbery and six months each for the other two offenses, to be served concurrently. On February 5, 1999, Wozniak filed an amended petition for post-conviction relief which was denied by the District Court based on both the procedural bar found at § 46-21-405, MCA and based on the merits of Wozniak's claims. Wozniak appeals the District Court's denial of his petition for post-conviction relief. We affirm the judgment of the District Court.

¶3 The sole issue on appeal is whether the District Court erred when it denied Wozniak's petition for post-conviction relief.

2

## FACTUAL BACKGROUND

¶4 On May 22, 1997, Wozniak was charged by Information with the following offenses: two counts of robbery in violation of §45-5-401, MCA, one count of resisting arrest, a misdemeanor in violation of §45-7-301, and one count of carrying a concealed weapon, also a misdemeanor, in violation of §45-8-316. On June 4, 1997, Wozniak entered a plea of not guilty. However, on October 20, 1997, Wozniak withdrew his plea of not guilty and made a plea agreement by which he plead guilty to one count of robbery, resisting arrest and carrying a concealed weapon. In accordance with the plea agreement, the State recommended a sentence of twenty years in prison, with ten years suspended. The State further recommended a sentence of six months for each of the third and fourth counts. The State also contended that restitution should be paid to the victims of both robberies.

¶5 On February 11, 1997, the District Court sentenced Wozniak to forty years in the Montana State Prison with twenty years of that sentence suspended for the robbery, and six months each for resisting arrest and carrying a concealed weapon. These sentences are to be served concurrently. The District Court ordered that restitution be paid to the victims in the amount of $11,557.00 according to a schedule set by Wozniak's Probation Officer. The restitution reflected the amount stolen from the victims, Best Bet Casino and Silvertip Casino. Wozniak appealed District Court's sentence on March 30, 1998. However, on May 28, 1998, after consulting with counsel at the state prison, he dismissed his appeal, stating that he "simply does not intend to further pursue any appeal of his sentence."

¶6 On September 14, 1999, Wozniak filed an amended petition for post-conviction relief,

3

in which he complains of ineffective assistance of counsel, failure of the prosecution to disclose evidence to the Defendant, refusal of the Court to allow the Defendant to withdraw his guilty plea after he submitted it, errors in sentencing due to misinformation in the Pre-sentence Investigation Report and bias by the Court.

¶7 The District Court denied Wozniak's petition on the bases that his claims were procedurally barred, pursuant to §46-21-105, MCA and were without merit.

## DISCUSSION

¶8 Did the District Court err when it denied Wozniak's petition for post-conviction relief?

¶9 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Hanson*, 1999 MT 226, ¶ 9, 296 Mont. 82, ¶ 9, 988 P.2d 299, ¶ 9.

¶10 Wozniak asserts four bases for his appeal: first, that he was denied a preliminary hearing; second, that he was unlawfully charged with restitution without any findings regarding his ability to pay; third, he received ineffective assistance of counsel; and finally, that he was denied an opportunity to review evidence by the prosecution and his attorney. The first two issues, regarding the lack of a preliminary hearing and the allocation of restitution payments appear for the first time in his appeal brief to this Court. As a general rule, this Court will not address any issue presented for the first time on appeal. *Meyer v. Creative Nail Design, Inc.* 1999 MT 74 ¶16, 294 Mont. 46 ¶16, 975 P.2d 1264¶16. Wozniak had the opportunity to assert the lack of a preliminary hearing and the possible wrongful

4

allocation of restitution payments on both direct appeal and in his petition for post-conviction relief but did not do so. Therefore, the Defendant is barred from asserting these claims on appeal.

¶11 As a basis for his claim that he received ineffective assistance of counsel, Wozniak claims that his attorney did not show him incriminating photos in a timely manner and that had he seen them, he would have plead guilty sooner. However, under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, the two prong test for ineffective assistance of counsel requires that the Defendant carry the burden of proving that his attorney provided inadequate representation and that the representation affected the proceedings to the Defendant's detriment. Wozniak suggests only that he would have plead guilty sooner, not that his decision to plead guilty would change. We conclude that any detriment to Wozniak from his attorney's failure to disclose photos sooner has not been established.

¶12 Wozniak also argues that his attorney was ineffective for not appealing his sentence. However, according to the record, Wozniak did file a notice of appeal on April 3, 1998. On June 2, 1998, after speaking with a different attorney, Wozniak withdrew his appeal, and stated that he no longer was interested in appealing his case. Therefore, the omission of Wozniak's first attorney was not the reason he had no appeal and the *Strickland* criteria cannot be satisfied on this basis.

¶13 Next, Wozniak contends that his attorney was ineffective for failing to call a character witness at his sentencing hearing. However, we have previously held that decisions relating to the presentation of evidence or witnesses are matters of trial tactics and strategy, *State v.*

5

*Henry* (1995), 271 Mont. 491, 898 P.2d 1195, 1197, and we will not base a finding of ineffective counsel on tactical decisions. *Henry, citing State v. Sheppard* (1995) 270 Mont. 122, 890 P.2d 754. We conclude that because of Wozniak's limited showing in support of this claim that the District Court did not err when it found that his counsel was not ineffective for failure to produce a character witness.

¶14 Finally, Wozniak contends that his rights were violated when the State failed to produce the previously mentioned pictures in a timely fashion. However, this claim fails for two reasons. First, he had the pictures prior to his guilty plea. Second, his guilty plea constituted a complete waiver of any non-jurisdictional claims, defects, or defenses. *See Stilson v. State* (1996), 278 Mont. 20, 924 P.2d. 238.

¶15 Accordingly, we conclude that the District Court did not err when it denied Andrew Wozniak's amended petition for post-conviction relief.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

6