No. 05-575

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 184N

STATE OF MONTANA,

      Plaintiff and Respondent,

    v.

SHELLEY ANNE TISCHLER,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 2004-226,
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Martin W. Judnich, Law Office of Martin W. Judnich,
Missoula, Montana

      For Respondent:

          The Honorable Mike McGrath, Attorney General, Jim Wheelis,
Assistant Attorney General, Helena, Montana

          George Corn, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  June 28, 2006

Decided:    August 8, 2006

Filed:

_____
                    Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document, its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shelley Anne Tischler appeals her conviction by a jury in the District Court for the Twenty-First Judicial District, Ravalli County, of Negligent Homicide, a felony, in violation of § 45-5-104, MCA; five counts of Criminal Endangerment, all felonies, in violation of § 45-5-207, MCA; Driving Under the Influence, a misdemeanor, in violation of § 61-8-401, MCA; Driving While License Suspended or Revoked, a misdemeanor, in violation of § 61-5-212, MCA; and Failure to Have Insurance in Effect, a misdemeanor, in violation of § 61-6-301, MCA. The court sentenced Tischler to a total of seventy years at the Montana Women's Prison with no time suspended and with certain restrictions on her parole eligibility. We affirm.

¶3 Tischler raises the following issues on appeal:

¶4 1. Whether the District Court committed plain error when it pre-admitted trial exhibits without foundation in violation of the Due Process Clause of the United States Constitution.

2

¶5    2.  Whether the District Court unconstitutionally forbid Tischler from ever again obtaining a driver's license.

**Factual and Procedural Background**

¶6    On September 28, 2004, the vehicle Tischler was driving crossed into the oncoming lane of traffic and struck another vehicle, killing the occupant.  Before the collision, Tischler narrowly missed five other vehicles, leading to the five charges of criminal endangerment.  Tischler's license had been suspended and there was no insurance on the vehicle she was driving.  Tischler's blood alcohol level two hours after the collision was 0.21%.

¶7    Prior to the start of trial, the District Court met with counsel and Tischler in chambers.  After resolving several matters including the procedure for giving the jury a view of the wrecked vehicles, the discussion turned to the State's proposed exhibits.  Defense counsel did not object to the admission, without further foundation, of several exhibits including the crash scene photographs, booking photographs, Tischler's blood alcohol test report, the decedent's blood alcohol test report, Tischler's Minnesota driving record and two 911 tape recordings.  Defense counsel reserved objection to a redacted videotape of the crash scene taken by an officer.  This videotape was later admitted without objection during the testimony of the officer who videotaped the crash scene.

¶8    In addition, defense counsel objected to the admission of a receipt for liquor purchased by Tischler the day before the collision.  This exhibit was not offered at trial.  Defense counsel also stipulated that it was unnecessary to call

3

foundational witnesses for the blood alcohol reports or the administrative chain of custody witnesses for the blood samples.

¶9 Despite the testimony of several individuals who had witnessed the collision and the events leading up to it, Tischler denied that her vehicle had collided with another or that her erratic driving had caused several other vehicles to swerve or brake. Instead, Tischler testified that her wheels had locked, sending her vehicle into a ditch. She admitted that she had been drinking, but denied that she was impaired. She also admitted that her license had been suspended and that the vehicle she was driving was not insured.

¶10 The jury convicted Tischler on all counts. In his oral pronouncement of sentence, the District Court Judge stated that Tischler would "never be allowed to be licensed to drive again or drive." However, in the written judgment, the court stated that Tischler "shall lose her driving privileges for the entirety of her sentence." Tischler appeals.

¶11 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

**Issue 1.**

¶12 *Whether the District Court committed plain error when it pre-admitted trial exhibits without foundation in violation of the Due Process Clause of the United States Constitution.*

¶13 Tischler argues on appeal that her constitutional right to due process was implicated by the District Court's failure to give her a process in which to require

4

foundational witness testimony before a trial exhibit is introduced. Tischler maintains that in the meeting in chambers prior to trial, the court forced defense counsel to stipulate to the admission of various exhibits without foundational testimony.

¶14 Because the issue of pre-admission of trial exhibits without foundation was not raised in the District Court, Tischler seeks plain error review.

> Plain error review allows this Court to discretionarily review claimed errors that implicate fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of the § 46-20-701(2), MCA, criteria, when failing to review the claimed error "may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process."

*State v. Stewart*, 2000 MT 379, ¶ 33, 303 Mont. 507, ¶ 33, 16 P.3d 391, ¶ 33.

¶15 On the record before us in this case, the issue of foundational evidence does not merit plain error review. The record shows that the District Court did not engage in oppressive behavior to pressure defense counsel to stipulate to the admission of certain exhibits. While defense counsel agreed that most of the exhibits could be admitted without foundation, she demurred on two, the redacted videotape and the receipt for liquor purchased the day before the wreck. The videotape was eventually admitted without objection during the testimony of the officer who videotaped the crash scene and the State did not pursue using the receipt.

5

¶16 "Decisions relating to presentation of the case, including whether to introduce certain evidence or to present witnesses, generally are matters of trial tactics and strategy." *State v. Henry* (1995), 271 Mont. 491, 495, 898 P.2d 1195, 1197, *cert. denied*, 516 U.S. 1075, 116 S.Ct. 779, 113 L.Ed.2d 730 (1996). We find merit in the State's comment in its brief on appeal that whether to stipulate to an exhibit is best left to counsel as a tactical measure regulated by ineffectiveness rules.

¶17 Moreover, while Tischler presents hypothetical problems that could occur if there were actual foundation issues, she does not state any actual issues with respect to her own case. Essentially, Tischler makes various due process arguments, but makes no allegations specific to her case and does not allege what in particular was prejudicial to her.

¶18 Furthermore, there was sufficient foundational evidence presented at trial for the admission of many of the exhibits. For example, both of the 911 tape recordings were admitted at trial after each of the 911 callers testified that they had called 911. In addition, although the blood tests were admitted without formal foundational testimony, a forensic toxicologist from the State Crime Lab did testify regarding Tischler's blood test. The toxicologist also testified regarding the test on the decedent's blood sample, which did not detect alcohol in the decedent's blood. Finally, as already mentioned above, the videotape of the crash scene was admitted during the testimony of the officer who made the videotape.

6

¶19     Accordingly, we hold that the record does not support Tischler's argument on this issue.

**Issue 2.**

¶20     *Whether the District Court unconstitutionally forbid Tischler from ever again obtaining a driver's license.*

¶21     On appeal, Tischler attacks the portion of her sentence barring her from having a driver's license. She complains that this condition of her sentence is fundamentally unfair because it will prohibit her from ever becoming employed or a productive member of society. While the State agrees that the oral pronouncement of sentence that Tischler would never be allowed to drive again was beyond the District Court's authority, the State argues that the court's correction of that provision in the written judgment to prohibit Tischler from having driving privileges for the entirety of her sentence was proper as an exercise of the court's sentencing power.

¶22     We agree with the State that the written judgment in this case corrected any illegality in the oral pronouncement of sentence and that Tischler's argument that the license prohibition is unreasonable and fundamentally unfair should be made to the Sentence Review Division of this Court (SRD).

¶23     Since Tischler received a sentence of 70 years in prison, her sentence may be reviewed by the SRD. Section 46-18-903, MCA ("A person sentenced to a term of 1 year or more in the state prison . . . may . . . file with the clerk of the district court in the county in which judgment was rendered an application for

7

review of the sentence by the review division.")  When review by the SRD is available, this Court has restricted its examination of a sentence to its legality. *State v. Herd*, 2004 MT 85, ¶¶ 21-23, 320 Mont. 490, ¶¶ 21-23, 87 P.3d 1017, ¶¶ 21-23.

¶24    Here, Tischler does not complain that her sentence is illegal, only that it is unfair and unreasonable.  Consequently, this is a matter for sentence review.

¶25    Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE