No.    91-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

JAMES ZACKUSE,

       Defendant and Appellant.

FILED

JUN 3 0 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

          Benjamin  R.  Anciaux,  Attorney  at  Law,  Polson,
          Montana

       For Respondent:

          Hon. Marc Racicot, Attorney General, John Paulson,
          Assistant Attorney General, Helena, Montana
          Larry  J.  Nistler,  County  Attorney,  Mitchell  A.
          Young, Deputy County Attorney, Polson, Montana


Submitted on Briefs:  May 28, 1992

Decided:  June 30, 1992

Filed:

Clerk

Chief Justice J.A. Turnage delivered the Opinion of the Court.

James Zackuse (Zackuse) appeals his five convictions for criminal sale of dangerous drugs following a jury trial in the Twentieth Judicial District, Lake County. We affirm.

We rephrase the issues presented on appeal as follows:

1. Did the District Court err by admitting State's Exhibit No. 4 as evidence of the receipt of the dangerous drugs from the State Crime Lab?

2. Did the investigation of Zackuse's drug activities by tribal police officers exceed the tribe's authority and violate Zackuse's constitutional rights?

On November 21, 1990, Zackuse was charged by information with five counts of criminal sale of dangerous drugs in violation of § 45-9-101, MCA. He was accused of selling marijuana and psilocybin mushrooms to a confidential informant on five separate occasions from December 26, 1989, to January 30, 1990. Zackuse pled not guilty to all five counts on November 28, 1990.

On May 10, 1991, following a two-day trial, a jury found Zackuse guilty of all five counts. On May 29, 1991, the District Court sentenced him to five concurrent terms of forty years imprisonment, with twenty years suspended on each count, and ordered him to pay a $2,500 fine to the Lake County Drug Fund. From these convictions, Zackuse now appeals.

1. Did the District Court err by admitting State's Exhibit No. 4 as evidence of the receipt of the dangerous drugs from the

State Crime Lab?

Zackuse argues that State's Exhibit No. 4, a State Crime Lab form, contained inadmissible hearsay evidence regarding the chain of custody of the drug evidence between David Morigeau (Morigeau), the investigating officer, Lori Moffat (Moffat), a State Crime Lab employee, and Judith Hoffman (Hoffman), a State Crime Lab analyst. Zackuse further argues that State's Exhibit No. 4 is not excepted under Montana Rule of Evidence 803(8), which excepts public records and reports from the hearsay rule. In order to analyze Zackuse's arguments, an examination of the pre-trial record as well as the transcript of the trial is necessary.

On April 8, 1991, a deputy county attorney filed a notice of the State's intention to introduce Hoffman's written report on her analysis of the drug evidence in this case under Montana Rule of Evidence 803(8). At a April 17, 1991 hearing, Zackuse's attorney indicated that he would object to the introduction of this report. The District Court ordered briefs on the matter.

On April 30, 1991, the deputy county attorney filed a motion and supporting brief to admit Hoffman's report under Montana Rule of Evidence 104(a). The supporting brief stated: 1) the evidence in this case had been analyzed by Hoffman, 2) the deputy county attorney had notified the State Crime Lab as soon as the May 9 trial date had been set, and 3) the State Crime Lab had advised the deputy county attorney that Hoffman was on maternity leave and would be unavailable to testify on May 9. The State's brief cited Montana Rule of Evidence 803(8), which brings written reports from

3

the State Crime Lab within the public records exception to the hearsay rule when the State has notified the District Court and opposing parties in writing of its intention to offer such a report as evidence at trial in sufficient time for an opposing party to obtain pre-trial depositions or to subpoena the attendance of the person responsible for compiling the report. Zackuse's counsel did not obtain a pre-trial deposition of Hoffman, subpoena for Hoffman's attendance, or file a response or a brief in opposition to this motion. This motion was not discussed at the pre-trial hearing on May 8, 1991.

At trial, the deputy county attorney attempted to introduce Hoffman's report through the testimony of Morigeau. Morigeau testified that at the completion of the investigation, he hand-delivered all of the drug evidence to the State Crime Lab. He testified that he had given the drug evidence to Moffat at the State Crime Lab and that according to the chain of custody log, she in turn gave it to Hoffman. Zackuse's counsel objected to this testimony on the basis of hearsay. The District Court sustained the objection.

Morigeau then testified that he had received Hoffman's report from the State Crime Lab. The deputy county attorney then attempted to introduce Hoffman's report into evidence. Zackuse's counsel, however, objected on the basis that the chain of custody had not been established. The District Court sustained the objection.

The deputy county attorney laid further foundation for

4

admission of Hoffman's report by eliciting from Morigeau that he had delivered five sealed envelopes inside a larger envelope to the State Crime Lab containing drug evidence in this case and that he had received the evidence back from Hoffman of the State Crime Lab, along with a completed form, which included a chain of custody log of the drug evidence listing the names of the persons at the State Crime Lab who had handled the evidence. Morigeau testified that this form had the same lab case number that the drug evidence had been given at the time he delivered it to the State Crime Lab. The deputy county attorney moved for the admission of the form, marked as State's Exhibit No. 4. Zackuse's attorney objected to its admission on the grounds that it did not fall within the hearsay exception of Montana Rule of Evidence 803(8) and the State's notice concerning its intention to introduce Hoffman's report into evidence did not include the admission of this form. The District Court overruled Zackuse's objection and allowed the admission of State's Exhibit No. 4 into evidence. The District Court later allowed the admission of Hoffman's report into evidence.

The determination of whether a proper foundation has been laid for the introduction of an exhibit into evidence rests within the discretion of the trial court. State v. Evans (1991), 247 Mont. 218, 227, 806 P.2d 512, 518 (citation omitted). In order to establish the chain of possession of the drug evidence, it is not necessary for the State to call as witnesses at trial each person who had handled the evidence. The foundation for admission of the drug evidence is sufficient if the State shows that the

5

investigating officer obtained the evidence, sent it to the crime lab, received it back from the crime lab, and identified it as the same evidence sent to the lab. State v. Snider (1975), 168 Mont. 220, 227-28, 541 P.2d 1204, 1209. Here, Morigeau testified that he obtained the drug evidence during the investigation, hand-delivered it to the State Crime Lab, received it back from the State Crime Lab, and identified it as the same drug evidence he hand-delivered to the lab. The District Court then allowed the admission of State's Exhibit No. 4, which included the chain of custody log of the drug evidence and lab case number. We hold that the District Court did not abuse its discretion by admitting State's Exhibit No. 4 as it was evidence of Morigeau's receipt of the drug evidence from the State Crime Lab and was the final link in the chain of custody of the drugs.

2. Did the investigation of Zackuse's drug activities by tribal police officers exceed the tribe's authority and violate Zackuse's constitutional rights?

Zackuse argues that the investigation of criminal sale of dangerous drugs is beyond the jurisdiction of tribal law and tribal enforcement agencies. He argues that a tribe has no criminal jurisdiction over non-tribal members, the actions of the tribal and State authorities denied him unspecified state and federal constitutional rights and subjected him, a non-tribal member, to tribal law.

Zackuse's jurisdictional and constitutional arguments lack

6

merit. The fact that this criminal investigation was conducted by a tribal law enforcement officer has no relevance in determining the jurisdiction of this case. Additionally, Zackuse failed to adequately brief his state and federal constitutional arguments. We therefore decline to further discuss these arguments.

In conclusion, we affirm James Zackuse's five convictions for criminal sale of dangerous drugs.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

7

June 30, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Benjamin R. Anciaux
Attorney at Law
107 Sixth Ave. E., P.O. Box 1670
Polson, MT 59860

Hon. Marc Racicot, Attorney General
John Paulson, Assistant
Justice Bldg.
Helena, MT 59620

Larry A. Nistler, County Attorney
Mitchell A. Young, Deputy
Lake County Courthouse
Polson, MT 59860

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_
    Deputy