NO.  93-227

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

DARRIN DOMINIC BRADLEY,

        Defendant and Appellant.

APPEAL FROM:  District Court of the Seventeenth Judicial District,
              In and for the County of Blaine,
              The Honorable Leonard Langen, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Patrick F. Flaherty, Attorney at Law, Great Falls,
            Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General: Jennifer
            Anders, Assistant Attorney General, Helena, Montana

            David Gorton, Deputy Blaine County Attorney,
            Chinook, Montana

Submitted on Briefs:  October 21, 1993

Decided:  November 30, 1993

Filed:  NOV 30 1993

FILED

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Darrin Dominic Bradley (Bradley) appeals his convictions of the offenses of negligent homicide, negligent vehicular assault and failure to wear a seat belt, claiming ineffective assistance of counsel and an unconstitutional exclusion of Native Americans from the pool of prospective jurors. We conclude that the performance of Bradley's counsel was not deficient and that Bradley has failed to establish that Native Americans were improperly excluded from the jury pool. Therefore, we affirm the District Court.

On June 5, 1992, Bradley was involved in a three-vehicle accident while driving eastbound on U.S. Highway 2 near Chinook, Montana. Tammy Young (Young), another driver involved in the accident, suffered multiple traumatic injuries and died at the scene of the accident. The third driver, Matt Molyneaux (Molyneaux), received minor injuries.

Bradley was charged with, and pled not guilty to, negligent homicide, negligent vehicular assault, and failure to wear a seat belt. After a jury was impaneled, Bradley, a Native American, moved the District Court to discharge the jury, arguing that all Native Americans listed as prospective jurors had been excluded from serving on the jury. The District Court ascertained the basis for each peremptory challenge and challenge for cause, concluded that there was no concerted effort to exclude Native Americans, and denied the motion. The jury convicted Bradley on all charges following a trial held December 2, 1992.

After eliciting extensive statements from the family and

2

friends of Young and Bradley, the District Court sentenced Bradley to concurrent ten-year and six-month terms of incarceration for negligent homicide and negligent vehicular assault, respectively. The court suspended the sentences provided that Bradley obtain substance abuse counseling, perform community service, and serve 60 days in the county jail. Additionally, the terms of his suspended sentences required Bradley to pay a portion of his income into a trust fund established for the benefit of Young's two children and for any counseling required by Molyneaux and Young's husband and children as a result of the accident. The court also ordered restitution totaling $9,865.49 and fined Bradley an additional $20 for the seat belt violation.

Bradley moved for a new trial claiming that he had received ineffective assistance of counsel. The District Court denied the motion because it was not filed within thirty days following the verdict as required by § 46-16-702, MCA. Bradley now requests this Court to set aside his convictions and remand for a new trial, reasserting his ineffective assistance of counsel claim and arguing that Native Americans were unconstitutionally excluded from the pool of prospective jurors by the court's failure to have them personally served with jury summonses.

Should Bradley's convictions be reversed on the basis that he received ineffective assistance of counsel?

Bradley asserts numerous deficiencies in his counsel's performance at trial, including the failure to 1) give an opening statement: 2) move that the State's witnesses be excluded from the

courtroom; 3) obtain an accident reconstruction expert and other favorable witnesses: 4) object to the introduction of his blood test result from the state crime laboratory; 5) object to testimony by the investigating officers and treating medical personnel regarding Bradley's state of sobriety: 6) offer jury instructions: and 7) present an effective closing argument. On the basis of these deficiencies, Bradley contends that his constitutional right to the effective assistance of counsel was violated.

This Court uses the two-part test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to evaluate ineffective assistance of counsel claims. State v. Senn (1990), 244 Mont. 56, 58-59, 795 P.2d 973, 975. Under the first prong of that test, the defendant must prove that counsel's performance was deficient by establishing that it fell below the range of competence reasonably demanded of attorneys in light of the Sixth Amendment. The second prong requires the defendant to demonstrate that counsel's deficiency was so prejudicial that it denied the defendant a fair trial. To satisfy this requirement, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. Senn, 244 Mont. at 59.

We address first the alleged deficiencies regarding counsel's failure to object to evidence of intoxication. Bradley contends that counsel's performance was deficient because she did not object to the testimony of Dan Friede, Ric Munfrada, and Lorrain Dupree indicating that Bradley was intoxicated. According to Bradley,

4

"lay persons" are incompetent to testify to intoxication under Rule 701, **M.R.Evid.**

Rule 701, M.R.Evid., limits the testimony of lay witnesses to opinions or inferences which are rationally based on the witness' perceptions and which further a clear understanding of the witness' testimony or the determination of a fact at issue. This rule does not preclude lay witnesses from testifying to a person's state of intoxication. Commission Comment, Rule 701, **M.R.Evid.;** State v. Hardy **(1980),** 185 Mont. 130, 134, 604 **P.2d** 792, 795.

The testimony of Friede, Munfrada, and Dupree met the requirements of Rule 701, M.R.Evid. These three witnesses testified that they had observed Bradley following the accident and that, based on their observations, he was intoxicated. The testimony was relevant to the jury's determination of whether Bradley committed negligent homicide and negligent vehicular assault. Thus, there was no basis for counsel to object to the testimony of Friede, Munfrada and Dupree under Rule 701, M.R.Evid.

Bradley also contends that counsel's performance was deficient because she failed to object on hearsay grounds to the introduction of the state crime laboratory report indicating a blood alcohol content of 0.12. The report is hearsay under Rule 801(c), **M.R.Evid.,** if it is introduced for the truth of the results shown. It may still be admitted into evidence, however, if "otherwise provided by statute, these rules, or other rules applicable in the courts of this state." Rule 802, M.R.Evid.

Rule **803(8),** M.R.Evid., specifically provides that a written

report from the state crime laboratory is not excluded by the hearsay rule if the State timely notifies the court and opposing party in writing of its intention to offer the report in evidence. Here, the State complied with the notification requirement contained in the rule. It indicated on the omnibus checklist filed more than three months prior to trial that the report had been supplied to Bradley. Indeed, Bradley acknowledged in his brief supporting a motion to suppress evidence that the State had disclosed its intent to introduce the report. Thus, the report containing the blood test result was within the hearsay exception contained in Rule 803(8), M.R.Evid.

Bradley also contends that counsel's performance was deficient because she did not object to the foundation laid by the State for introducing the report. Specifically, he argues that the foundation was inadequate because the State did not call the laboratory analyst who performed the test as a witness to complete the chain of custody regarding the blood sample.

In State v. Zackuse (1992), 253 Mont. 305, 833 P.2d 143, we determined that the State was not required to call as a witness each person who handled drug evidence in order to establish its chain of custody. Zackuse, 833 P.2d at 145. A completed form issued by the state crime laboratory that included a chain of custody log listing the names of the persons at the lab who handled the evidence was sufficient to establish the final link in the drug evidence's chain of custody. Zackuse, 833 P.2d at 145.

Here, Munfrada and Greg Szudera, a sergeant with the Montana

6

Highway Patrol, testified at length concerning the chain of custody of the blood sample from the time it was drawn to when it was mailed to the crime laboratory. The State also introduced a completed form from the crime laboratory which listed the names of all the persons at the lab who handled the blood sample. This form is sufficient to complete the chain of custody under Zackuse. The testimony elicited and the crime lab form provided sufficient foundation for admitting the blood test report.

Counsel's failure to oppose the admission of evidence, absent a legal basis for doing so, does not constitute deficient performance. See State v. Christenson (1991), 250 Mont. 351, 358-60, 820 P.2d 1303, 1308-09. Thus, we conclude that Bradley's counsel's failure to object to the testimony and state crime laboratory report regarding his state of intoxication does not constitute deficient performance and, therefore, does not meet the first prong of the Strickland ineffective assistance of counsel test.

The remaining deficiencies in counsel's performance alleged by Bradley also do not provide a basis for reversing his convictions. Decisions regarding the presentation of opening and closing statements, submission of jury instructions, procurement of witnesses, and exclusion of witnesses from the courtroom constitute trial tactics. This Court will not second-guess trial tactics and strategy when evaluating counsel's performance. State v. Johnstone (1990), 244 Mont. 450, 465, 798 P.2d 978, 987.

Finally, we note that Bradley relies extensively on material

outside the record to establish an exculpatory theory of the accident in an effort to show that counsel erred by failing to procure its own expert witness and call an investigating insurance adjuster as a witness. This Court's review of allegations on direct appeal, however, is confined to the record. Section 46-20-701, MCA: State v. Schoffner (1991), 248 Mont. 260, 268, 811 P.2d 548, 553. Thus, the non-record material provides no basis for finding a deficiency in counsel's performance.

We conclude that the performance of Bradley's counsel was not deficient under the first prong of the Strickland test. Therefore, we hold that Bradley is not entitled to a reversal of his convictions and a new trial based on his ineffective assistance of counsel claim.

Is Bradley entitled to reversal of his convictions because the District Court failed to have Native Americans personally served with jury summonses?

After the jury had been selected, Bradley's counsel orally moved the court to discharge the jury, arguing that no Native Americans had been selected to serve. The District Court determined that the State had a legitimate nondiscriminatory reason for exercising each of its peremptory challenges and that Bradley's counsel had agreed with all challenges for cause. On that basis, the District Court concluded that the State had made no concerted effort to exclude Native Americans from the jury. On appeal, Bradley asserts no error by the District Court in this regard.

On appeal, Bradley advances a nebulous argument concerning the

District Court's failure to have jury summonses personally served on Native Americans who had been served by mail and had failed to appear. He apparently argues that the District Court's failure to order personal service excluded Native Americans from the pool of prospective jurors, violating his constitutional right to a jury drawn from a representative cross-section of the community under *Duren v. Missouri* (1979), 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579, and constituting purposeful discrimination based on race under *Whitus v. Georgia* (1967), 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599. We disagree.

To establish a prima facie case under either <u>Duren</u> or <u>Whitus</u>, a defendant is required to show a statistical discrepancy between the percentage of prospective jurors and persons in the community who are members of the allegedly excluded class. <u>Duren</u>, 439 U.S. at 364; <u>Whitus</u>, 385 U.S. at 550-51. Bradley has failed to make any showing that the pool of prospective jurors contained an inadequate representation of Native Americans. Thus, based on the record before us, we cannot conclude that Bradley's right to a jury drawn from a cross-section of his community was violated or that discrimination based on race occurred.

We hold that the failure to personally serve the Native Americans with jury summonses does not entitle Bradley to a reversal of his convictions.

Affirmed.

_____
Justice

we concur:

_John Conway Harrison_

_William E. Hunt Sr_

_Terry Trieweiler_

_____
Justices

November 30, 1993

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Patrick F. Flaherty
Attorney at Law
625 Central Ave. W., #101
Great Falls, MT 59404

Hon. Joseph P. Mazurek, Attorney General
Jennifer Anders, Assistant
Justice Bldg.
Helena, MT 59620

Donald A. Ranstrom, County Attorney
C. David Gorton, Deputy
P.O. Box 188
Chinook, MT 59523


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF, MONTANA

BY: _____
    Deputy