No. 96-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

STATE OF MONTANA,

          Plaintiff and Respondent,

v.

EDWARD C. OVERTON,

          Defendant and Appellant.

FILED

AUG 26 1997

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District, In and for the County of Park, the Honorable Wm. Nels Swandal, Judge Presiding.

COUNSEL OF RECORD:

      For Appellant:

            Edward C. Overton (pro se), Livingston, Montana

      For Respondent:

            Honorable Joseph P. Mazurek, Attorney General; Micheal Wellenstein, Assistant Attorney General, Helena, Montana

            Tara DePuy, County Attorney; Kendra K. Anderson, Deputy County Attorney, Livingston, Montana

Submitted on Briefs: August 7, 1997

Decided: August 26, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter and West Publishing Companies.

Edward Overton, pro se, appeals his convictions from the Sixth Judicial District Court, Park County, where he was found guilty of theft and issuing a bad check. We affirm.

We restate the following two issues Overton raises on appeal:

1.      Was Overton denied effective assistance of counsel?

2.      Did Overton waive appellate review of his claims set forth in his caption "Request For A New Trial" by not first raising them in district court?

## BACKGROUND

In September 1994, Overton issued a check to William Maloney for $2,150. When Maloney accepted the check, he believed there were sufficient funds in Overton's account and thought he could cash the check. When Maloney attempted to cash the check, it was returned because the account was closed. According to bank records, the account had been closed prior to December 31, 1992.

Overton testified that when he gave Maloney the check, Overton knew the account was closed, but he did not inform Maloney. Overton claimed the check was a receipt to verify a loan from Maloney. Maloney testified the check was a payment.

In mid-January 1995, Overton lost all of his money he had invested in commodities. On January 21, 1995, he purchased a pickup from Kimard's Auto and RV in Livingston for $2,070. On his credit application, he listed Gary Zemlick as his employer and listed as additional income $1,600 per month from commodities. Overton gave Kimard Kunneman a security interest in the pickup which was filed with the State. Overton never made any payments on the pickup.

Kunneman attempted to contact Overton at the Zemlick Ranch regarding the payments. He was informed that Overton no longer worked there. Overton mailed Kunneman a letter from Grand Junction, postmarked February 14, 1995, but no payment or forwarding address was included in the letter. Overton did not contact Kunneman again or return the truck.

Overton testified that he quit after six days of working at the Zemlick Ranch. In February 1995, he traveled to Livingston, but did not return the truck or contact Kunneman. Overton explained that he did not contact Kunneman because he had his son with him and had a job in Arizona. Overton claimed he still intended to purchase the truck. In June 1995, Overton was arrested near Townsend for not having licensed the truck and for not having insurance.

The State charged Overton with theft and issuing a bad check. Following a bench trial, the District Court found Overton guilty of both counts and sentenced him to two concurrent ten-year terms, both suspended. Overton filed a motion for a new trial which the District Court denied. Overton appeals.

3

DISCUSSION

1. Was Overton denied effective assistance of counsel?

This Court applies the two-part test from Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to evaluate claims of ineffective assistance of counsel. First, Overton must establish that his counsel's performance was deficient in that he did not act within the range of competence demanded of attorneys in criminal cases. Strickland, 466 U.S. at 687; State v. Baker (1995), 272 Mont. 273, 901 P.2d 54. In making this determination, judicial scrutiny of counsel's actions is highly deferential and counsel's performance is strongly presumed to fall within a wide range of reasonable professional assistance. Kills On Top v. State (1995), 273 Mont. 32, 901 P.2d 1368. Second, Overton must establish that he was prejudiced by his counsel's performance, and that "but for" his counsel's performance the result of the trial would have been different. Strickland, 466 U.S. at 687. Overton must establish both deficient performance and prejudice to prevail on a claim of ineffective assistance of counsel.

Overton claims he was denied effective assistance of counsel because his counsel failed to inform him of his right to ask for a different judge; his counsel failed to inform him of Montana's "three strikes and you're out" law; his counsel failed to advise him that waiving his right to a jury trial was inadvisable; his counsel failed to properly question witnesses; his counsel failed to introduce a letter that Overton wrote from Grand Junction; and his counsel failed to emphasize to a greater degree that Overton paid for repairs on the pickup.

4

Nothing in the record supports Overton's claim that his counsel failed to inform him that he could substitute the district court judge. Ineffective assistance of counsel claims on appeal must be confined to the record. State v. Bradley (1993), 262 Mont. 194, 199, 864 P.2d 787, 791.

Overton claims his counsel was ineffective because he did not inform him of Montana's "three strikes and you're out" law contained at § 46-18-219, MCA. This statute became effective on July 1, 1997, and is inapplicable to Overton. Therefore, his counsel did not provide ineffective assistance by not informing him of it.

Overton asserts that his counsel was ineffective because he failed to inform Overton that waiving a jury trial was inadvisable. The record does not support this argument. Before trial, the court questioned Overton whether he had talked with his attorney about waiving his right to a jury trial. Overton responded that he had discussed the matter with his attorney and that the decision to waive the jury trial was his.

Overton next argues that his counsel was ineffective because he failed to ask certain questions during trial and failed to introduce a letter that Overton wrote from Grand Junction. Questioning of witnesses and decisions of whether to introduce evidence are generally matters of trial tactics and strategy. State v. Henry (1995), 271 Mont. 491, 898 P.2d 1195. This Court will not second-guess trial tactics and strategy. Baker, 901 P.2d at 59.

Finally, Overton argues that his counsel was deficient because he failed to emphasize to a greater degree that Overton made repairs on the pickup. Overton's counsel attempted to introduce the repairs into evidence, but the court sustained the State's objection that the

5

evidence was irrelevant. The State's objection was properly sustained. Counsel's failure to introduce the irrelevant evidence does not amount to ineffective assistance of counsel. See State v. Hildreth (1994), 267 Mont. 423, 432-33, 884 P.2d 771, 777.

Overton has failed to demonstrate his counsel did not provide assistance within the range required by defense attorneys or there is a reasonable probability that, but for his counsel's alleged errors, the outcome of the trial would have been different. We conclude Overton was not denied effective assistance of counsel.

2. Did Overton waive appellate review of his claims set forth in his caption "Request For A New Trial" by not first raising them in district court?

Overton argues it was improper for the State to try him on both the theft and bad check charges at the same time. He claims that by being tried for both offenses together, he was denied the right to answer each charge individually; his ability to cross-examine was compromised; his counsel was unduly burdened; and he was prejudiced by having witnesses testify about each offense in one trial.

Overton's claims are not properly before this Court on appeal because he failed to raise them in the District Court. See § 46-20-104(2), MCA; State v. Arlington (1994), 265 Mont. 127, 151, 875 P.2d 307, 321. We decline to further address these claims on appeal.

Affirmed.

_____
Chief Justice

6

We concur:

_William E. Hunt_

_Jim Regnier_

_Terry N. Trieweiler_

_Karla M. Gray_
Justices