No. 97-192

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


STATE OF MONTANA,

Plaintiff and Respondent,

v.

VERNON T. GREGOROFF,

Defendant and Appellant.



APPEAL FROM:    District Court of the Tenth Judicial District,
In and for the County of Judith Basin,
Honorable David J. Cybulski, Judge Presiding.


COUNSEL OF RECORD:

For Appellant:

Steven M. Hudspeth, Great Falls, Montana

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; Cregg Coughlin,
Assistant Attorney General, Helena, Montana

James A. Hubble, County Attorney, Stanford, Montana



Submitted on Briefs: October 2, 1997

Decided:   December 29, 1997
Filed:


_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Vernon T. Gregoroff was convicted of driving under the influence of alcohol (DUI) in a jury trial in the Tenth Judicial District Court, Judith Basin County. He appeals. We affirm.

The issues are:

1. Did the District Court err in allowing Montana Highway Patrol Officer Lobdell to testify that in her opinion Gregoroff passed out while driving?

2. Did the court err in allowing Lobdell to testify concerning her opinion that Gregoroff was under the influence of alcohol to an extent that it diminished his ability to safely operate a motor vehicle?

3. Did the court err in allowing ambulance attendant Bernard Taylor to testify that Gregoroff acted like a belligerent drunk at the scene of his accident, on the way to the hospital, and at the hospital?

4. Does cumulative error justify reversal of Gregoroff's conviction?

On the evening of March 30, 1995, Gregoroff overturned his pickup truck in a ditch west of Hobson, Montana. A local volunteer ambulance was dispatched to the scene.

Shortly before the accident, one of the ambulance attendants, Bernard Taylor, had seen Gregoroff come out of the Hobson Lounge and wander about the sidewalk, then get into his pickup and drive away. When the ambulance arrived at the scene of the accident, Taylor recognized Gregoroff and his pickup. Gregoroff was leaning against the pickup, assisted by a motorist who had come upon the scene. Gregoroff had a severe laceration on the side of his head, his scalp having been torn open and laid over to the side. When the ambulance attendants attempted to bandage Gregoroff's injury, he repeatedly pushed or slapped them away, saying, "I'm not hurt, my truck is upside down and I'm just drunk." Gregoroff's breath had a strong odor of alcohol, and his speech was slurred. He was belligerent and refused to get on a stretcher or into the ambulance until one of the ambulance attendants "got right in his face," and he finally sat down on the stretcher. Gregoroff's combative behavior continued when he was brought into a Lewistown, Montana, hospital emergency room about twenty minutes later.

Montana Highway Patrol Officer Lobdell arrived at the accident scene after Gregoroff had been taken to the hospital. At trial, she testified that the road was bare and dry and that she found no evidence that Gregoroff had taken any evasive actions with his vehicle before he left the roadway, drove 260 feet straight into the ditch, and then hit a three-foot-tall snow bank. Lobdell testified that it appeared the pickup then became airborne for sixty-five feet, coming down on its wheels and rolling onto its top

before sliding into the snow and then onto the grass for another forty-five feet.  There were no skid marks on the highway, nor was there any evidence of overcorrection or braking before the vehicle left the highway.

After completing her investigation at the accident scene, Lobdell went to the hospital to interview Gregoroff.  She testified that he was belligerent, smelled strongly of alcohol, and exhibited quick changes in mood from upset and yelling to laughing and joking.  Gregoroff told her he had hit a patch of ice on the highway.  When she responded that the road was bare and dry, he laughed and said, "There must have been a deer, then."

At trial, the State based its case against Gregoroff upon testimony by Taylor, Lobdell, and another ambulance attendant.  The jury rendered a guilty verdict after about thirty minutes' deliberation.

## Standard of Review

This Court's standard of review of a district court's rulings on the admission of testimony, like other evidentiary questions, is whether the court abused its discretion.  State v.  Haskins (1994), 269 Mont. 202, 207, 887 P.2d 1189, 1192.

## Issue 1

Did the District Court err in allowing Montana Highway Patrol Officer Lobdell to testify that in her opinion Gregoroff passed out while driving?

Lobdell testified that based upon her investigation of the accident, including the absence of evidence of evasive action or overcorrection, it appeared to her that Gregoroff passed out and fell asleep at the wheel of his truck.  She admitted on questioning from the court and on cross-examination by defense counsel that she was only speculating that he fell asleep at the wheel.  Gregoroff contends that the State did not offer Lobdell as an expert, and objects to her testimony on grounds that it was speculative and lacked foundation.

Although the prosecution did not formally offer Lobdell as an expert witness, her testimony concerning her years of training and experience as a highway patrol officer clearly qualified her as an expert in accident investigation and reconstruction.  Lobdell testified that she had been a Montana Highway Patrol Officer for eight years, having been trained at the Highway Patrol Academy for twelve weeks.  Her training included two separate traffic investigation courses, each of which was two weeks long.  In the year before trial, she had attended an accident reconstruction school, after which she was recognized as an accident reconstructionist.  She had taught accident investigation at the Montana Highway Patrol Academy and the Montana Law Enforcement Basic Academy,

and had instructed various police departments and sheriffs' departments on the subject.

She had special training in DUI investigation while at the Academy and had taken a course on being an instructor on DUI detection and administration of standard field sobriety tests.

Lobdell testified that she had participated in over 100 DUI arrests and had investigated over 200 traffic accidents. In 15 to 20 percent of those accidents, alcohol was a factor.

Rule 702, M.R.Evid., provides that an expert witness may assist the trier of fact in understanding the evidence or determining a fact at issue by giving an opinion based on the expert's specialized knowledge. This Court has often held that an expert opinion is not objectionable merely because it embraces an ultimate factual issue. See Kizer v. Semitool, Inc. (1991), 251 Mont. 199, 214-15, 824 P.2d 229, 238-39 (Trieweiler, J., concurring and dissenting).

In this case, Lobdell went to the scene of the accident, where she observed the road conditions, took measurements and looked for skid marks or other evidence of overcorrection, observed the position of Gregoroff's truck where it had come to rest, and interviewed those present at the scene and then Gregoroff himself. Contrary to Gregoroff's claim, Lobdell did not testify that Gregoroff missed the corner because he was drunk. Rather, she testified that, based upon her training and experience, it appeared that Gregoroff had either fallen asleep or lost sight of where he was going, because there was simply no evidence that the accident was caused by an attempt to avoid something on the road. In any case, the questions posed by the District Court made it clear to the jury that Lobdell had no personal knowledge that Gregoroff fell asleep, but that she was merely concluding that may have been one of the reasons he missed the corner and wrecked his truck.

Lobdell was qualified as an expert to express the opinions she expressed regarding the cause of Gregoroff's accident. We hold that the admission of Lobdell's testimony that in her opinion Gregoroff had passed out while driving was not an abuse of discretion.

Issue 2

Did the court err in allowing Lobdell to testify concerning her opinion that Gregoroff was under the influence of alcohol to an extent that it diminished his ability to safely operate a motor vehicle?

As stated above, Lobdell testified that she had investigated over two hundred accidents as a highway patrol officer, 15 to 20 percent of which had involved DUI. She testified that based upon her experience, it was her opinion that Gregoroff was under the

influence of alcohol to an extent that it diminished his ability to drive his truck safely.

Gregoroff objected to this testimony on grounds that it invaded the province of the jury, it called for a legal conclusion, and Lobdell was testifying as an expert as to the legal standards for his offense.

Citing Fuenning v. Super. Ct. in & for Cty. of Maricopa (Ariz. 1983), 680 P.2d 121, Gregoroff argues that this was the type of opinion testimony which is inadmissible because it amounts to an opinion of guilt or innocence. In Fuenning, the defendant was charged with violation of the Arizona statute prohibiting driving with a blood alcohol content of .10 or more, Ariz.Rev. Stat.Ann. õ 28-692(B) (1982). Defendant Fuenning was not charged with violation of subsection A of the Arizona statute, which prohibited a person who is under the influence of alcohol from driving a vehicle. The contested testimony was expert testimony from police officers that, when Fuenning was arrested, he was "drunk," "intoxicated," and "under the influence." The court ruled that in light of the nature of the charge against Fuenning and the absence of a charge against him of violation of subsection A, the jury might be mislead or diverted from the only issue, the chemical level of Fuenning's blood-alcohol, by the expert testimony containing commonly-used phrases which indicated guilt of the crime not charged, subsection A of the statute. The court reversed on other grounds, but urged trial courts to use caution in admitting opinion evidence of this type. Fuenning, 680 P.2d at 131.

The problem recognized by the Fuenning court was a potential blurring of the issue before the jury when the charge was driving with a blood alcohol concentration of .10 or more. Here, unlike in Fuenning, the violation charged was operating a motor vehicle while under the influence of alcohol, not a per se violation of the DUI statute based upon blood alcohol content. Lobdell's testimony did not present a risk of blurring the issue before the jury, as did the testimony in Fuenning.

In a supplemental opinion on a motion for reconsideration of the Fuenning decision, the Arizona court expanded upon its discussion of the propriety of allowing testimony in a DUI trial that a person was "drunk," "intoxicated," or "under the influence." The court acknowledged that Rule 704, Ariz.R.Evid., permitted opinions on "ultimate issues." The court noted that a witness might be allowed to testify that defendant's conduct seemed influenced by alcohol. However, testimony which parrots the words of the statute moves from the realm of permissible opinion which "embraces an" issue of ultimate fact (Rule 704) to an opinion of guilt or innocence, which embraces all issues.

Fuenning, 680 P.2d at 136.

In this case, Lobdell did not testify that Gregoroff was guilty of DUI.  She testified that based upon her experience and her observations of him and of the accident scene, he appeared to be under the influence of alcohol to an extent that his ability to drive his truck was impaired.  As discussed above under Issue 1, Lobdell was qualified as an expert to express the opinions she expressed regarding the cause of Gregoroff's accident.

We hold that the District Court did not abuse its discretion in allowing Lobdell to testify concerning her opinion that Gregoroff was under the influence of alcohol to an extent that it diminished his ability to safely operate a motor vehicle.

Issue 3

Did the court err in allowing ambulance attendant Bernard Taylor to testify that Gregoroff acted like a belligerent drunk at the scene of his accident, on the way to the hospital, and at the hospital?

On cross-examination, defense counsel elicited ambulance attendant Taylor's acknowledgment that Gregoroff's slurred speech, bloodshot eyes, combativeness, and irrationality could have been a result of his head injury, instead of alcohol consumption.

On redirect examination, counsel for the State asked Taylor whether Gregoroff's actions were "the behavior of a belligerent drunk."  Taylor answered "yes."

Gregoroff contends this question and response constitute prejudicial and reversible error because the answer "crosses the line into an opinion of guilt as described in Fuenning."  However, because the charge in this case was operating a motor vehicle while under the influence of alcohol, not a per se violation of the DUI statute based upon blood alcohol content, Taylor's testimony, like that of Lobdell, did not involve a potential blurring of the issue presented to the jury, as did the testimony in Fuenning.

Rule 701, M.R.Evid., provides:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perceptions of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

Taylor's testimony addressed his perception of Gregoroff's state of intoxication, as allowed under Rule 701, M.R.Evid.

Rule 701, M.R.Evid., limits the testimony of lay witnesses to opinions or inferences which are rationally based on the witness' perceptions and which further a clear understanding of the witness' testimony or the determination of a fact at issue.  This rule does not preclude lay witnesses from testifying to a person's state of intoxication.

State v. Bradley (1993), 262 Mont. 194, 198, 864 P.2d 787, 789.  Taylor's testimony that Gregoroff's behavior was that of a belligerent drunk was based upon his perceptions as a witness.  We hold the admission of  Taylor's testimony that Gregoroff's behavior was that of a belligerent drunk did not represent an abuse of discretion.

Issue 4

Does cumulative error justify reversal of Gregoroff's conviction?

Gregoroff argues that the cumulative effect of the errors alleged under Issues 1, 2, and 3 mandate reversal of his conviction.  Because we have not found any error under the first three issues, this argument, too, must fail.

Affirmed.

/S/  J. A.  TURNAGE

We concur:

/S/  JAMES C. NELSON
/S/  W. WILLIAM LEAPHART

Justice Terry N. Trieweiler specially concurring.

I concur with the majority's conclusion to affirm the judgment of the District Court and with the reasons given for its conclusion to issue one; however,  I disagree in several respects with the reasoning given for conclusions to the second and third issues.

The Supreme Court of Arizona, in Fuenning v. Superior Court in and for the County of Maricopa (Ariz. 1983), 680 P.2d 121, held that while the Rules of Evidence permit opinions on "ultimate issues," Rule 403 allows the exclusion of relevant evidence where its probative value is outweighed by the danger of prejudice.  The court held that, for that reason, in prosecution for driving with a blood alcohol content of .10 percent or greater, a jury could be misled or diverted from the true issue by expert testimony to the effect that the defendant was "drunk," which indicates guilt of a crime not charged.  For that reason, in its original opinion, the Arizona Court urged trial courts "to exercise a great deal of caution in the admission of opinion evidence of this type."  Fuenning, 680 P.2d at 131.  However, that court did not limit its discussion to prosecutions based simply on the level of a person's blood alcohol content.  In a footnote to which the state later objected, that court stated:

The admissibility of such statements in a prosecution for "driving under the influence" is also doubtful.  While the rule does provide that opinion testimony "otherwise admissible is not objectionable" merely because it "embraces an ultimate issue," the comment contains an important caveat:

> Some opinions on ultimate issues will be rejected as failing to
> meet the requirement that they assist the trier of fact to
> understand the evidence or to determine a fact in issue.
> Witnesses are not permitted as experts on how juries should
> decide cases.

Comment, Rule 704, Ariz.R.Evid., 17A A.R.S.

Fuenning, 680 P.2d at 131, n.8.

Furthermore, in a supplemental opinion in response to the state's motion for reconsideration, the Arizona Court specifically addressed the inadvisability of such testimony in prosecutions for driving under the influence of alcohol.  The court stated, in its supplemental opinion, that:

> In our view, ordinarily, it would be neither necessary nor advisable
> to ask for a witness' opinion of whether the defendant committed the crime
> with which he was charged.  When, in a DWI prosecution, the officer is
> asked whether the defendant was driving while intoxicated, the witness is
> actually being asked his opinion of whether the defendant was guilty.  In
> our view, such questions are not within the spirit of the rules.  See Rule
> 704 and Comment, Ariz.R.Evid. Ordinarily, more prejudice than benefit
> is to be expected from this type of questioning.  It ordinarily would be
> proper to ask the witness in such a case whether he or she was familiar with
> the symptoms of intoxication  and whether the defendant displayed such
> symptoms.  The witness might be allowed to testify that defendant's
> conduct seemed influenced by alcohol.  However, testimony which parrots
> the words of the statute moves from the realm of permissible opinion which
> "embraces an" issue of ultimate fact (Rule 704) to an opinion of guilt or
> innocence, which embraces all issues.  This makes it easy for the jury to
> acquit or convict based on their empathy for the witness, rather than their
> consideration of the evidence.

Fuenning, 680 P.2d at 136.

I agree with the conclusion of the Arizona Supreme Court.  I conclude that a witness should not be able to parrot the words of a statute and, in effect, instruct the jury regarding the proper outcome of the case.  However, that is not what was done in this case.  Gregoroff was charged with and convicted of operating a motor vehicle upon the highways of this state while under the influence of alcohol.  Lobdell was asked during her testimony whether, based on her experience in dealing with people suspected to be under the influence of alcohol, it was her opinion that, when she observed Gregoroff, he was under the influence of alcohol.  She testified without objection that in her opinion he was under the influence of alcohol.  She also testified that prior to forming that opinion she had observed those facts previously described at the scene of the accident and that when she observed him at the hospital, he had a strong odor of alcohol, his eyes were glassy, his speech was moderately slurred, he displayed extreme mood swings, he was belligerent with the treating physician, and he gave inconsistent explanations of

why he
drove off the road.

We have held in the past that indications of intoxication are common knowledge and that the opinion that a person is intoxicated is permissible lay testimony pursuant to Rule 701, M.R.Evid. See State v. Bradley (1993), 262 Mont. 194, 864 P.2d 787.

Lobdell's testimony did not parrot the words of the DUI statute and did not embrace all the issues which were for the jury to decide. It was still up to the jury to determine whether, in fact, Gregoroff had operated his motor vehicle in the condition in which he was observed by Lobdell.

Even if Lobdell's opinion regarding Gregoroff's condition had not been admissible pursuant to the rationale in Fuenning, it is hard to understand how that opinion could have significantly affected the outcome of this case. Gregoroff, himself, repeatedly told those who tried to help him following his accident that the explanation for his bizarre behavior and lack of control was that he was "drunk" rather than hurt. The physical facts of his accident, the observations made by others regarding his behavior, and his own admissions, left the jury with no alternative other than to find him guilty of driving under the influence of alcohol. Lobdell's opinion that Gregoroff was intoxicated was merely cumulative of other, overwhelming evidence.

For these reasons, I concur with the majority's conclusion that the District Court did not err when it allowed Highway Patrol Officer Barbara Lobdell to express the opinion that when she observed Gregoroff he was under the influence of alcohol to the extent that it would have diminished his ability to safely operate a motor vehicle. However, I do not agree with the majority's conclusion that the rule articulated by the Arizona Supreme Court in Fuenning is inapplicable to this case because the defendant in that case was charged with a per se violation of the DUI statute, rather than actually operating a motor vehicle while under the influence of alcohol.

Finally, I would conclude that the District Court did not abuse its discretion when it admitted the testimony of Bernard Taylor for the same reasons set forth in response to Issue 2. Taylor observed Gregoroff at the scene of the accident and noted that he "reeked of alcohol," his eyes were bloodshot, his speech was slurred, he had trouble standing, he was combative, uncooperative and vulgar, and repeatedly told the attendants who tried to help him that he was not hurt but only "drunk." Based on these observations, it was not a reach for Taylor to form the opinion, based on common experience, that

Gregoroff
acted like a belligerent drunk.  That opinion was admissible pursuant to Rule 701, M.R.Evid., and our opinion in Bradley.

For these reasons, I concur with the result of the majority opinion, but disagree with the reasons given for that opinion.

/S/  TERRY N. TRIEWEILER


Justice William E. Hunt, Sr., joins in the foregoing concurring opinion.

/S/  WILLIAM E. HUNT, SR.