JUSTICE TRIEWEILER
specially concurring.
I concur with the majority’s conclusion to affirm the judgment of the District Court and with the reasons given for its conclusion to issue one; however, I disagree in several respects with the reasoning given for conclusions to the second and third issues.
The Supreme Court of Arizona, in Fuenning v. Superior Court in and for the County of Maricopa (Ariz. 1983), 680 P.2d 121, held that while the Rules of Evidence permit opinions on “ultimate issues,” Rule 403 allows the exclusion of relevant evidence where its probative value is outweighed by the danger of prejudice. The court held that, for that reason, in prosecution for driving with a blood alcohol content of .10 percent or greater, a jury could be misled or diverted from the true issue by expert testimony to the effect that the defendant was “drunk,” which indicates guilt of a crime not charged. For that reason, in its original opinion, the Arizona Court urged trial courts “to exercise a great deal of caution in the admission of opinion evidence of this type.” Fuenning, 680 P.2d at 131. However, that court did not limit its discussion to prosecutions based simply on the level of a person’s blood alcohol content. In a footnote to which the state later objected, that court stated:
The admissibility of such statements in a prosecution for “driving under the influence” is also doubtful. While the rule does provide that opinion testimony “otherwise admissible is not objectionable” merely because it “embraces an ultimate issue,” the comment contains an important caveat:
Some opinions on ultimate issues will be rejected as failing to meet the requirement that they assist the trier of fact to understand the evidence or to determine a fact in issue. *9 Witnesses are not permitted as experts on how juries should decide cases.
Comment, Rule 704, Ariz.R.Evid., 17AA.R.S.
Fuenning, 680 P.2d at 131, n.8.
Furthermore, in a supplemental opinion in response to the state’s motion for reconsideration, the Arizona Court specifically addressed the inadvisability of such testimony in prosecutions for driving under the influence of alcohol. The court stated, in its supplemental opinion, that:
In our view, ordinarily, it would be neither necessary nor advisable to ask for a witness’ opinion of whether the defendant committed the. crime with which he was charged. When, in a DWI prosecution, the officer is asked whether the defendant was driving while intoxicated, the witness is actually being asked his opinion of whether the defendant was guilty. In our view, such questions are not within the spirit of the rules. See Rule 704 and Comment, Ariz.R.Evid. Ordinarily, more prejudice than benefit is to be expected from this type of questioning. It ordinarily would be proper to ask the witness in such a case whether he or she was familiar with the symptoms of intoxication and whether the defendant displayed such symptoms. The witness might be allowed to testify that defendant’s conduct seemed influenced by alcohol. However, testimony which parrots the words of the statute moves from the realm of permissible opinion which “embraces an” issue of ultimate fact (Rule 704) to an opinion of guilt or innocence, which embraces all issues. This makes it easy for the jury to acquit or convict based on their empathy for the witness, rather than their consideration of the evidence.
Fuenning, 680 P.2d at 136.
I agree with the conclusion of the Arizona Supreme Court. I conclude that a witness should not be able to parrot the words of a statute and, in effect, instruct the jury regarding the proper outcome of the case. However, that is not what was done in this case. Gregoroff was charged with and convicted of operating a motor vehicle upon the highways of this state while under the influence of alcohol. Lobdell was asked during her testimony whether, based on her experience in dealing with people suspected to be under the influence of alcohol, it was her opinion that, when she observed Gregoroff, he was under the influence of alcohol. She testified without objection that in her opinion he was under the influence of alcohol. She also testified that prior to forming that opinion she had observed those facts previously de *10 scribed at the scene of the accident and that when she observed him at the hospital, he had a strong odor of alcohol, his eyes were glassy, his speech was moderately slurred, he displayed extreme mood swings, he was belligerent with the treating physician, and he gave inconsistent explanations of why he drove off the road.
We have held in the past that indications of intoxication are common knowledge and that the opinion that a person is intoxicated is permissible lay testimony pursuant to Rule 701, M.R.Evid. See State v. Bradley (1993), 262 Mont. 194, 864 P.2d 787.
Lobdell’s testimony did not parrot the words of the DUI statute and did not embrace all the issues which were for the jury to decide. It was still up to the jury to determine whether, in fact, Gregoroff had operated his motor vehicle in the condition in which he was observed by Lobdell.
Even if Lobdell’s opinion regarding GregorofFs condition had not' been admissible pursuant to the rationale in Fuenning, it is hard to understand how that opinion could have significantly affected the outcome of this case. Gregoroff, himself, repeatedly told those who tried to help him following his accident that the explanation for his bizarre behavior and lack of control was that he was “drunk” rather than hurt. The physical facts of his accident, the observations made by others regarding his behavior, and his own admissions, left the jury with no alternative other than to find him guilty of driving under the influence of alcohol. Lobdell’s opinion that Gregoroff was intoxicated was merely cumulative of other, overwhelming evidence.
For these reasons, I concur with the majority’s conclusion that the District Court did not err when it allowed Highway Patrol Officer Barbara Lobdell to express the opinion that when she observed Gregoroff he was under the influence of alcohol to the extent that it would have diminished his ability to safely operate a motor vehicle. However, I do not agree with the majority’s conclusion that the rule articulated by the Arizona Supreme Court in Fuenning is inapplicable to this case because the defendant in that case was charged with a per se violation of the DUI statute, rather than actually operating a motor vehicle while under the influence of alcohol.
Finally, I would conclude that the District Court did not abuse its discretion when it admitted the testimony of Bernard Taylor for the same reasons set forth in response to Issue 2. Taylor observed Gregoroff at the scene of the accident and noted that he “reeked of alcohol,” his eyes were bloodshot, his speech was slurred, he had trouble standing, he was combative, uncooperative and vulgar, and *11 repeatedly told the attendants who tried to help him that he was not hurt but only “drunk.” Based on these observations, it was not a reach for Taylor to form the opinion, based on common experience, that Gregoroff acted like a belligerent drunk. That opinion was admissible pursuant to Rule 701, M.R.Evid., and our opinion in Bradley.
For these reasons, I concur with the result of the majority opinion, but disagree with the reasons given for that opinion.
JUSTICE HUNT joins in the foregoing concurring opinion. .