No. 02-492

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 142N

POSITIVE SYSTEMS, INC., a Colorado corporation,

Plaintiff and Respondent,

v.

KEVIN E. SPRY,

Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead, Cause No. DV-00-640A,
The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kevin E. Spry (pro se), San Luis Obispo, California

For Respondent:

Randall S. Ogle, Ogle & Worm, PLLP, Kalispell, Montana

Submitted on Briefs:  December 27, 2002

Decided:  May 20, 2003

Filed:

_____
Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellant Kevin Spry, appearing pro se, appeals from the judgment entered by the Eleventh Judicial District Court, Flathead County, in favor of Respondent Positive Systems. We affirm.

¶3 We address the following issues on appeal:

¶4 1. Should the District Court have dismissed this action as res judicata?

¶5 2. Did the District Court err when it entered judgment against Spry in his individual capacity?

¶6 3. Did the District Court abuse its discretion when it awarded full damages to Positive Systems?

BACKGROUND

¶7 On February 16, 1999, Crop Image, a California corporation managed by Spry, entered into a purchase agreement with Positive Systems. Therein, Crop Image agreed to purchase a power storage unit from Positive Systems for $41,675. The agreement called for a fifty percent down payment prior to the unit's delivery. Following receipt of the down

2

payment and delivery of the unit, an argument ensued between the parties regarding the equipment's operation and payment owing.

¶8 In June 2000, Spry, appearing pro se on behalf of himself and Crop Image, filed a breach of contract action against Positive Systems in the California Superior Court. Positive Systems had the case removed to federal court. On December 8, 2000, the United States District Court for the Northern District of California, San Jose Division, granted Positive Systems' motion to dismiss the action with prejudice.

¶9 On December 18, 2000, Positive Systems filed a complaint with the District Court against "Kevin E. Spry and Robert Shore d/b/a Crop Image, and Arroyo Ventures, Inc., a California corporation," to recover the balance of the purchase price owing under the purchase agreement, plus an additional late penalty. Positive Systems filed an amended complaint on May 3, 2001, to include additional allegations with respect to Shore and Arroyo Ventures. On April 12, 2002, Positive Systems, Shore, and Arroyo Ventures participated in a settlement conference–Spry declined to participate. It appears from the record that the participating parties agreed to settle the relevant disputes.

¶10 On May 29, 2002, the District Court presided over a non-jury trial on the remaining claims between Positive Systems and Spry. Spry failed to appear at the non-jury trial, in person or through counsel. The District Court found that Spry "filed an Answer to the Complaint herein, but has failed to act any further in this action." The court entered judgment against Spry in the amount of $20,184.90, with interest, and ordered Spry to pay

Positive Systems' costs. Spry filed a notice of appeal from the District Court's judgment on July 15, 2002.

## STANDARD OF REVIEW

¶11 We review a district court's findings of fact to determine whether they are clearly erroneous and its conclusions of law to determine whether they are correct. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904, 906; *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. We review a district court's award of damages to determine whether the district court abused its discretion. *H-D Irrigating v. Kimble Properties*, 2000 MT 212, ¶ 16, 301 Mont. 34, ¶ 16, 8 P.3d 95, ¶ 16.

## DISCUSSION

## ISSUE ONE

¶12 Should the District Court have dismissed this action as res judicata?

¶13 Spry insists that Positive Systems was required by the Federal Rules of Civil Procedure to raise its present breach of contract claim as a compulsory counterclaim before the federal court in the prior proceedings. Since Positive Systems did not raise the issues in the prior action, Spry argues that the doctrine of res judicata should have precluded the District Court from considering the issues presented *sub judice*.

¶14 Rule 8(c), M.R.Civ.P., provides, "[i]n pleading to a preceding pleading, a party shall set forth affirmatively . . . res judicata . . . and any other matter constituting an avoidance or affirmative defense." We have consistently stated that the failure to affirmatively plead a

4

defense set forth in Rule 8(c), M.R.Civ.P., generally results in a waiver of that defense. *See Nitzel v. Wickman* (1997), 283 Mont. 304, 312, 940 P.2d 451, 456.

¶15    In his answer to Positive Systems' complaint, Spry stated "Defendant alleges the following additional reasons that plaintiff is not entitled to recover anything: 1. There exists pending legal proceedings filed on June 9, 2000, by the Defendant against the Plaintiff in this matter . . . ." After filing his answer, aside from a Notice of Service with respect to discovery answers and the Notice of Appeal, Spry did not file any documents with the District Court or appear before the court in any capacity throughout the proceedings.

¶16    The mere allusion to "pending legal proceedings," without mention of the ramifications of such proceedings, does not rise to the level of an affirmatively pled avoidance or affirmative defense, as contemplated in Rule 8(c), M.R.Civ.P. As indicated above, the District Court record is devoid of any further affirmative res judicata assertion or argument in favor of its preservation. We hold that the District Court did not err when it adjudicated the matter on the merits as Spry failed to raise the affirmative defense of res judicata.

ISSUE TWO

¶17    Did the District Court err when it entered judgment against Spry in his individual capacity?

¶18    Spry insists that he executed the purchase agreement on behalf of a limited liability company, Crop Image. As such, Spry argues that he cannot be held individually liable for the debts of the organization, pursuant to § 35-8-304, MCA.

5

¶19 The purchase agreement entered into evidence indicates that Spry executed the agreement as "Crop Image, By: K. E. Spry, Title: Manager." The agreement does not indicate that Crop Image is a limited liability company, corporation, or any other limited liability entity. In its complaint, Positive Systems averred:

> Plaintiff is informed and believes that Defendants, Robert Shore and Arroyo Ventures, Inc., were owners of Crop Image when the Purchase Agreement dated February 16, 1999, between Positive Systems, Inc., and Crop Image was executed and that obligations and commitments of Crop Image, including the Purchase Agreement which is the subject of this action, are binding upon all Defendants herein.

In his answer, Spry responded that "Defendant admits that all of the statements of the complaint are factual except" select factual accounts. None of Spry's exceptions challenged the individual liability concept posed in Positive Systems' complaint.

¶20 Spry did not submit § 35-8-304, MCA, or any other similar authority to the District Court in support of his immunity from individual liability theory submitted on appeal. In fact, as stated by the District Court, "Spry filed an Answer to the Complaint herein, but has failed to act any further in this action." This Court has consistently held that we will not consider issues raised for the first time on appeal. *In re T.E.*, 2002 MT 195, ¶ 20, 311 Mont. 148, ¶ 20, 54 P.3d 38, ¶ 20. In order to preserve a claim or objection for appeal, an appellant must first raise that specific claim or objection in the district court. *In re T.E.*, ¶ 20. By failing to raise the issue of individual liability before the District Court, Spry has not preserved the issue for appeal. For the foregoing reasons, we hold that the District Court did not err when it entered judgment against Spry in his individual capacity.

## ISSUE THREE

¶21     Did the District Court abuse its discretion when it awarded full damages to Positive Systems?

¶22     Spry argues that Positive Systems maintained possession of the subject property at all times during the pendency of the proceedings.  Spry suggests that Positive Systems has agreed to repair and sell the equipment, "hence they are not entitled to full recovery of damages."  Further, Spry contends that Positive Systems entered into a settlement agreement with Shore and Arroyo Ventures.  As such, the District Court should not have permitted Positive Systems to recover full damages against Spry.

¶23     Spry insists that "[t]he trial court was not provided all the facts, therefore, the findings of facts and the conclusion of law prepared by Positive Systems were wrong and misleading."  By his own admission, the District Court was not presented with the facts that Spry relies upon on appeal.  However, it is a fundamental principle of trial law that the trier of fact must confine his, her, or its decision to the evidence in the record.  *See DeCelles v. State Through Dept. of Hwys.* (1990), 243 Mont. 422, 429, 795 P.2d 419, 423 (Sheehy, J., dissenting).  Likewise, this Court's review of allegations on direct appeal is confined to the record.  *State v. Bradley* (1993), 262 Mont. 194, 199, 864 P.2d 787, 791.

¶24     Again, Spry filed an answer to Positive Systems' complaint but did not further appear personally or submit any other pleadings, affidavits, or evidence on his behalf.  Spry did not participate in the settlement conference, pretrial conference, or the non-jury trial.  Positive Systems submitted the only evidence at trial relevant to the issues presented on appeal.  That

evidence includes the purchase agreement, testimony that Positive Systems dealt personally with Spry, that Positive Systems delivered the equipment in question to Spry, that Spry paid one-half of the purchase price, and that Positive Systems did not receive the balance of the purchase price. The District Court received no evidence regarding the settlement agreement or disposition of the subject property primarily because Spry neglected to appear.

¶25 Based on the record before us, we cannot conclude that the District Court's findings of fact are clearly erroneous or that its conclusions of law are incorrect. Further, the record does not suggest that the District Court abused its discretion when it awarded the damages it did to Positive Systems.

¶26 Affirmed.

/S/ JIM REGNIER

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE